WAYNE COUNTY PROSECUTING ATTORNEY v WAYNE
COUNTY BOARD OF COMMISSIONERS

1. OFFICERS—PROSECUTING ATTORNEYS—DUTIES—TERMINATION.

It is implicit in the Legislature's power to provide by law for
duties of the prosecuting attorney that the Legislature may
terminate a duty of the prosecuting attorney.

2. COUNTIES—BOARD OF COMMISSIONERS—TERMINATION OF DUTIES OF
PROSECUTING ATTORNEY.

The affirmative action by a county board of commissioners of
hiring corporation counsel to represent the county in civil
matters terminates representation of the county by the prose-
cuting attorney with respect to those matters by operation of
law and is therefore a reduction in the power and duties of the
prosecutor by operation of law and is not an unconstitutional
invasion of the authority of a constitutional officer (Const 1963,
art 7, § 4; MCLA 49.72).

3. COUNTIES—BOARD OF COMMISSIONERS—TERMINATION OF DUTIES OF
PROSECUTING ATTORNEY.

A resolution by a county board of commissioners to employ
corporation counsel to represent the county in civil matters
which effectively terminates certain duties of the prosecuting
attorney by operation of law is not unconstitutional as a partial
recall because recall relates to removal of a man from office,
not a reduction of duties assigned to his office (Const 1963, art
7, § 33).

4. COUNTIES—BOARD OF COMMISSIONERS—CORPORATION COUNSEL.

The statute authorizing a county board of commissioners to
employ a county corporation counsel to represent the county in
civil matters is not an unconstitutional delegation of power
because the constitution specifically permits the delegation of
legislative power to boards of commissioners and because the

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 7, 9] 63 Am Jur 2d, Prosecuting Attorneys § 22 *et seq.*
[2–9] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 219 *et seq.*

statute contains a standard for determining the fact precedent to the specified action (Const 1963, art 7, § 8; MCLA 49.71).

5. COUNTIES—BOARD OF COMMISSIONERS—CORPORATION COUNSEL—STATUTES.

The statute authorizing a county board of commissioners to employ an attorney to represent the county in civil matters does not limit the commissioners to hire an attorney on an ad hoc basis only, but permits the commissioners to employ an attorney to represent the county in civil matters generally (MCLA 49.71).

6. COUNTIES—BOARD OF COMMISSIONERS—CORPORATION COUNSEL.

The employment of corporation counsel by a county board of commissioners is not an unlawful expansion of the commissioners' powers because the expansion was authorized by statute as required by the Constitution (Const 1963, art 7, § 8; MCLA 49.71).

7. COUNTIES—BOARD OF COMMISSIONERS—CORPORATION COUNSEL—TERMINATION OF DUTIES OF PROSECUTOR.

A resolution by a county board of commissioners to employ corporation counsel to represent the county in civil matters which effectively terminates such duties and power of the prosecuting attorney in regard to those civil matters is not invalid due to conflict with statutes imposing the same duties upon the prosecutor, since the resolution itself does not terminate the duties of the prosecutor, but rather termination occurs by operation of law (MCLA 49.72).

8. COUNTIES—CORPORATION COUNSEL—DUTIES.

A county may employ corporation counsel solely for the purpose of representing the county in civil matters.

9. COUNTIES—BOARD OF COMMISSIONERS—CORPORATION COUNSEL—DISCRETION.

Motive is not a test of the propriety of the exercise of the discretionary power of a county board of commissioners to employ corporation counsel to represent the county in civil matters and thereby effectively terminate the duties of the prosecuting attorney with respect to those civil matters, and the commissioners have not abused their discretion in finding that the prosecuting attorney was unable to properly represent the county in civil matters where such a finding has a reasonable basis.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 October 5, 1972, at Detroit. (Docket No. 13015.) Decided December 6, 1972. Leave to appeal denied, 389 Mich 768.

Complaint by William L. Cahalan, Wayne County Prosecuting Attorney, and several intervening plaintiffs against the Wayne County Board of Commissioners and Aloysius J. Suchy for declaratory judgment and injunctive relief to restrain defendants from creating an office of corporation counsel to represent the county in civil proceedings. Judgment for plaintiffs in part, and defendants in part. Plaintiff Cahalan appeals. Affirmed.

*William L. Cahalan*, Prosecuting Attorney, and *Dominick R. Carnovale*, Assistant Prosecuting Attorney, Chief, Appellate Department, for plaintiff Prosecuting Attorney.

*Ivan E. Barris* and *Stanley F. Beattie*, for defendants.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

FITZGERALD, J. On June 17, 1971, plaintiff filed a complaint for a declaratory judgment and injunctive relief against the defendants to restrain them from putting into effect the provisions of a resolution adopted on the same day by the Wayne County Board of Commissioners. The resolution created an office of corporation counsel for Wayne County to represent the county in all civil matters, which action was based upon findings of fact (1) that the volume and complexity of the county's civil litigation had increased; (2) that the prosecutor had failed to increase the size of his civil division despite overall staff increases of 37 assist-

ants; (3) that studies on county reorganization recommended removal of civil-law functions from the prosecutor's office, and (4) that the prosecuting attorney is unable to properly represent the county. The resolution read as follows:

"RESOLUTION

"By Commissioner Yates

"WHEREAS, Act 15, P.A. 1941, as amended, authorizes the Board of Commissioners by a majority vote of the members-elect to employ an attorney to represent the County in civil matters, whenever the Board determines that the prosecuting attorney is unable to properly represent the County, and

"WHEREAS, the volume and complexity of civil litigation involving the County of Wayne has increased, and

"WHEREAS, although the Board of Commissioners has increased the staff of the Prosecuting Attorney by 37 assistants since 1967, the Prosecuting Attorney has not increased the staff of the Civil Division; and

"WHEREAS, many studies on County Reorganization have recommended that the civil law functions be removed from the Office of the Prosecuting Attorney and be placed in a separate department, and

"WHEREAS, the Prosecuting Attorney has openly taken a position along with other elected officials opposing reorganization unless reorganization is only by the County Home Rule, and

"WHEREAS, the Board of Commissioners in order to implement County Reorganization will need independent, impartial and unbiased legal counsel to represent the Board of Commissioners in all legal matters relating to Wayne County; now, therefore, be it

"RESOLVED, that the Board of Commissioners hereby determines that the Prosecuting Attorney is unable to properly represent the County, and be it further

"RESOLVED, that the Board of Commissioners create the Office of Corporation Counsel, the same to serve as legal counsel to the County of Wayne, and be it further

"RESOLVED, that the Civil Division of the Prosecuting Attorney's Office be removed from the Office of the Prosecuting Attorney and that the Civil Division be designated as the Office of the Wayne County Corporation Counsel, and be it further

"RESOLVED, that the positions and the appropriation therefore in the budget of the Civil Division of the Prosecuting Attorney be transferred to the account of the Board of Commissioners and be designated as the budget for the Office of the Corporation Counsel, and be it further

"RESOLVED, that the personnel of the Civil Division of the Prosecuting Attorney's Office be transferred to the Office of the Corporation Counsel and be designated as Corporation Counsel and Assistant Corporation Counsel respectively, and be it further

"RESOLVED, that the adoption of the resolution shall constitute the employment of counsel within the meaning of 1941 PA 15."

The resolution was adopted by the board of commissioners at the meeting of June 17, 1971, by roll-call vote of 16 "yeas" and 9 "nays".

Pursuant to the complaint filed by the plaintiff, a temporary restraining order was granted and an order to show cause was issued.

On July 2, 1971, the order to show cause and the motion to dissolve the restraining order were heard, and the order was dissolved and a modified temporary injunction was granted.

On July 12, 1971, other elected Wayne County officers filed a motion to intervene as plaintiffs. The motion was granted on July 15, at the same time a pretrial statement was taken, and an order was signed on July 22, 1971.

On September 13, 1971, after briefs had been filed and considered, including a brief *amicus curiae,* and a hearing, the trial judge issued a full opinion in which he stated his conclusions of fact

and law, and an order of declaratory judgment, including a permanent injunction, was issued on November 16, 1971. On January 17, 1972, the final order and permanent injunction were modified by the trial judge upon stipulation of the parties.

The final order of the circuit court, as modified, provided that: (1) the creation of the office of corporation counsel for Wayne County is valid; (2) the appointment of appellee Aloysius J. Suchy to serve as legal counsel is valid; (3) the attempted removal of the civil division from the office of the prosecuting attorney and redesignation of that division as the office of Wayne County Corporation Counsel is invalid; (4) the transfer of personnel, budget, and appropriations from the prosecutor is invalid; and (5) the persons who desire to transfer from said civil division onto the staff of the Wayne County Corporation Counsel with release by the plaintiff may do so. The plaintiff has filed a claim of appeal from this final order and judgment, but the intervening plaintiffs do not appeal.

Five issues are presented on appeal and will be dealt with seriatim.

I

*Does 1941 PA 15, as amended (MCLA 49.71, 49.72; MSA 5.824, 5.825), unconstitutionally restrict the constitutional office of prosecuting attorney?*

The constitutional provisions relating to the authority of the Legislature, a board of commissioners, and a prosecuting attorney are:

"There shall be elected for four-year terms in each organized county * * * a prosecuting attorney, whose duties and powers shall be provided by law." Const 1963, art 7, § 4.

"Boards of supervisors shall have legislative, administrative and such other powers and duties as provided by law." Const 1963, art 7, § 8.

"The provisions of this constitution and law concerning counties, * * * shall be liberally construed in their favor. Powers granted to counties * * * by this constitution and by law shall include those fairly implied and not prohibited by this constitution." Const 1963, art 7, § 34.

The challenged statute, pursuant to which the Wayne County Board of Commissioners acted, reads:

"The board of supervisors of any county by a majority vote of the members-elect may employ an attorney *to represent the county in civil matters,* whenever the Board determines that the prosecuting attorney is unable to properly represent the county. * * * " MCLA 49.71; MSA 5.824. (Emphasis added.)

"In case the board of supervisors of any such county shall employ an attorney under this act to represent the county in civil matters, the prosecuting attorney of such county shall not act with respect to such matters unless requested to do so by the board of supervisors." MCLA 49.72; MSA 5.825.

The first section of the foregoing statute grants the power to a board of supervisors (now called a board of commissioners—MCLA 46.416; MSA 5.359[16]) to "employ an attorney *to represent the county in civil matters".* Such a law, without more, appears to be clearly within the language of Const 1963, art 7, § 8. However, the Legislature had enacted MCLA 49.153; MSA 5.751, in 1846, which provides:

"The prosecuting attorneys shall, in their respective counties, appear for the state or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions, whether civil or

criminal, in which the state or county may be a party, or interested."

The plaintiff argues that the prosecuting attorney and the board of commissioners are co-equal constitutional offices and one constitutional officer cannot invade the authority of another.

Defendants contend that the challenged statute was within the powers granted to both the Legislature and the Wayne County Board of Commissioners and that all that the commissioners did was make a discretionary determination.

We are confronted here with an apparent inconsistency arising from the fact that one statute requires the prosecuting attorney to represent the county in civil matters, while the action by a board of commissioners in employing an independent attorney would result in an apparent dual representation of the county in such civil matters.

To avoid an incongruent result, the Legislature enacted 1941 PA 15, § 2, which instructs the prosecuting attorney to refrain from acting with respect to civil matters for which the commissioners employ an independent attorney. That the Legislature may terminate a duty of the prosecuting attorney in such a manner is implicit in the Legislature's power to provide by law for duties. Under Const 1963, art 7, § 8, the Legislature has authority to confer local legislative power on county commissioners. The authority of the Legislature to confer local legislative powers contains the authority to suspend or revoke the power. *Attorney General v Marr,* 55 Mich 445, 450 (1885). Similarly, a reasonable construction of the Legislature's authority in Const 1963, art 7, § 4, leads to the conclusion that the Legislature may remove powers from the prosecuting attorneys of the counties.

When a board employs an attorney to represent the county in civil matters, representation of the county by the prosecuting attorney in those matters is terminated by operation of MCLA 49.72; MSA 5.825, not by removal of the prosecuting attorney's powers by resolution of the board. In other words, an affirmative action by a board of commissioners (the hiring of corporation counsel) causes a reduction in the powers and duties of the prosecutor by operation of law. Therefore, the authority given to county boards in MCLA 49.71; MSA 5.824, does not violate Const 1963, art 7, § 4.

The appellant's argument that the commissioners' resolution amounted to an unconstitutional, partial recall is not persuasive. Recall under Const 1963, art 7, § 33, clearly relates to removal of a man from office, not a reduction of duties assigned to the office.

## II

*Is 1941 PA 15, as amended, an unconstitutional delegation of legislative power to the boards of commissioners?*

Plaintiff argues that MCLA 49.71; MSA 5.824, improperly delegates a legislative power, namely, the power to determine the duties of a prosecuting attorney, to the board of commissioners in the several counties.

The defendants counter this by stating that the Wayne County Board of Commissioners was not delegated legislative power; under the statute it was permitted to make a discretionary determination that the prosecuting attorney is unable to properly represent the county in civil matters.

Our examination of the provisions of MCLA 49.71; MSA 5.824, reveals that the county boards

of commissioners are empowered to adopt resolutions for the employment of a county corporation counsel. This is definitely a delegation of local, legislative authority within the meaning of Const 1963, art 7, § 8. While it is true, as defendants argue, that the commissioners may act only after a discretionary finding that the prosecutor is unable to properly represent the county, a legislative power may be granted upon that condition.

Since Const 1963, art 7, § 8, specifically permits the delegation of legislative power to the boards of commissioners, it can be said that the plaintiff's argument of improper delegation of power is inapplicable. See, generally, Anno: *Permissible Limits of Delegation of Legislative Power,* 79 L Ed 474, 492–494.

The rule of law barring the delegation of power is traceable to the constitutional concept of the separation of powers, which is specifically included in our state constitution. Const 1963, art 3, § 2.

*Florka v Detroit,* 369 Mich 568, 575 (1963), states:

" ' "The Legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." ' " Accord, *O'Brien v State Highway Commissioner,* 375 Mich 545, 555–558 (1965).

Whether viewed as a delegation within Const 1963, art 7, § 8, or as a delegation within *Florka, supra,* MCLA 49.71; MSA 5.824, is constitutional because that section contains a standard for determining the fact precedent to a specified action. The challenged statute had adequate standards similar to the type approved in *Certain-Teed Products Corp v Paris Twp,* 351 Mich 434 (1958), and

unlike the too-general delegation in *Osius v St Clair Shores,* 344 Mich 693 (1956). There is no improper delegation of power in the challenged statute.

## III

*Does the resolution of the commissioners exceed the scope of their authority under MCLA 49.71; MSA 5.824 because it is not limited to ad hoc circumstances and because it attempts to expand the commissioners' powers?*

It is argued by the plaintiff that in adopting 1941 PA 15, as amended, the Legislature intended the boards of commissioners to utilize the power on a case-by-case, ad hoc basis where a prosecuting attorney might have a conflict of interest or where there might be a special problem. They also contend that the resolution permits the board to accomplish a county reorganization which is only permitted in compliance with MCLA 45.515(a); MSA 5.302(15)(a), following a home rule reorganization.

Ad hoc employment of an attorney by a board of commissioners is permitted under MCLA 49.71; MSA 5.824, but this does not necessarily preclude the conclusion that general employment of an attorney is permitted. In fact, if the Legislature was only concerned with case-by-case need, it appears existing legislation was sufficient at the time of original adoption in 1941. See MCLA 49.160; MSA 5.758, MCLA 49.32; MSA 5.792, MCLA 49.42; MSA 5.802. The trial judge's analysis of the matter warrants reiteration here for its lucid holding in this regard:

"In construing the legislative intention regarding this matter, it must be assumed that the Legislature in-

tended to enable the commissioners to employ counsel in a way and for a purpose that would best serve the public interest. The court is satisfied that the intention of an informed Michigan Legislature, when it last dealt with this statute in 1957, was that the commissioners would be empowered to act upon the public business, having available to them legal counsel who could provide steady, continuing, informed legal advice on a broad spectrum of complex legal questions.

* * *

"The very title of the act is instructive on that matter:

" 'An act to authorize boards of supervisors in certain counties to employ *an attorney* to represent the county in civil *matters.'* (Emphasis added.)

* * *

"It is the court's judgment that the statute in question empowers the commissioners to employ counsel to represent the county in civil matters, either on an *ad hoc* basis, or for permanent and continuing purposes, general or limited, whenever it concludes that the county prosecuting attorney is unable to properly represent the county, whether that be a one time only conclusion, or one made on an issue by issue basis."

While it is true that the challenged resolution expands the power of the board, the authority for such expansion is a legislative enactment. That the Legislature saw fit to condition such an expansion upon a discretionary act of a board of commissioners does not make the statute less valid in the face of an appropriate standard. The board did not expand its powers in violation of MCLA 46.11; MSA 5.331, because the expansion was authorized by law as required by Const 1963, art 7, § 8.

The plaintiff's contention that creation of an office of county corporation counsel is solely permitted under MCLA 45.515(a); MSA 5.302(15)(a), lacks merit for two reasons: (1) MCLA 49.71; MSA 5.824, permits such an action, and (2) MCLA

45.515(a); MSA 5.302(15)(a), is not applicable to Wayne County—MCLA 45.520; MSA 5.302(20). The resolution of the Wayne County Board of Commissioners did not unconstitutionally expand the powers of that board.

### IV

*Is the resolution of the Wayne County Board of Commissioners, whereby an office of corporation counsel was created, invalid because it is in conflict with the state statutes imposing mandatory and discretionary duties upon the prosecuting attorney?*

The action of a board of commissioners does not terminate the duties and power of a prosecuting attorney; operation of MCLA 49.72; MSA 5.825, terminates such duties and power in regard to those civil matters of the county for which an independent attorney is employed. Thus, the conflict is between state statutes, not local resolution and state statute, and the usual rules of statutory construction are applicable.

Plaintiff cites what he considers four major conflicts. First, he notes the general grant of authority in MCLA 49.153; MSA 5.751; second, the duty to advise and represent the board of county auditors under MCLA 47.12; MSA 5.562; third, the duty to advise the county treasurer under MCLA 211.100; MSA 7.154; and fourth, the general duty to advise county officers in regard to their official duties under MCLA 49.155; MSA 5.753. It should be noted that all of these statutes were enacted prior to enactment of 1941 PA 15, as amended. Plaintiff's complete list of statutes for which it is argued that there must be some conflict with MCLA 49.72; MSA 5.825, is included herewith. (See Appendix.)

The trial court's opinion carefully and logically deals with this problem:

"It is elemental that statutes relating to the same subject matter, such as those dealing with the varied powers and duties of county prosecuting attorneys and that which deals with the commissioners' power to hire civil counsel, must be considered together and are presumed to effectuate compatibly, the legislative intention expressed in each. A companion rule of statutory construction is that the Legislature is presumed to enact laws having regard for existing statutes. *Valentine v Redford Twp Supervisor,* [371 Mich 138 (1963)]; *People v Buckley,* 302 Mich 12 (1942).

"Hence, it is presumed that the Legislature was cognizant of the powers and duties of the prosecuting attorney, it had previously 'provided by law' when it enacted MCLA 49.71 and MCLA 49.72 nullifying his role in those instances when counsel is hired to represent a county in civil matters.

"The prosecuting attorney has no property right in the duties and powers assigned him by the Legislature. No constitutional provision clothes him with the right to act for or on behalf of the county or its elected officials in matters involving the civil law. The prosecuting attorney has only those powers and duties the statutes confer. The Legislature can grant, withhold, expand, modify or abolish his powers and duties. Just such modifying action was taken by the Legislature in enacting MCLA 49.72:

" 'Sec. 2. In case the board of supervisors of any such county shall employ an attorney under this act to represent the county in civil matters, the prosecuting attorney of such county shall not act with respect to such matter[s], unless requested to do so by the board of supervisors.'

"The language is clear and unambiguous. If the commissioners' civil counsel acts in a matter of civil law, the prosecuting attorney 'shall not act with respect to such matters, unless requested' by the commissioners to do so. Just as the Legislature has heretofore reposed certain powers and duties in the prosecuting attorney

with respect to civil matters, then expanded and modified them, likewise, it can abrogate them. This it has done under MCLA 49.71, *et seq.*, by authorizing action by other counsel on county civil matters with the specific provision that, the prosecuting attorney shall not act with respect thereto, unless requested. No fatal conflict exists, nor is there any disregard of antecedent legislation. The Legislature has expressly authorized the commissioners to employ counsel to represent the county in civil matters. When the board of commissioners' civil counsel undertakes to act within the scope of his authority to represent the county in such matters, then otherwise operative legislative commands to the prosecuting attorney to act in the same matters are preempted and rendered inoperative by MCLA 49.72."

A corporation counsel may be employed solely for the purpose of *representing the county in civil matters.* A proper definition of "representing the county in civil matters" would not include all noncriminal functions of a prosecuting attorney. For example, service on the driver's safety school driver's board pursuant to MCLA 257.320b; MSA 9.2020(2), the power to enforce the Michigan Food Law under MCLA 289.714; MSA 12.933(14), and MCLA 46.403; MSA 5.359(3), service on the county apportionment commission, are not reasonably within the definition of "representing the county in civil matters".

## V

*Assuming arguendo that the resolution of the Wayne County Board of Commissioners is valid in other respects, should the resolution be voided because the commissioners abused their discretion in finding that "the prosecuting attorney is unable to properly represent the county"?*

The plaintiff contends there was no reasonable basis for the determination of the board that the appellant "is unable to represent the county" in civil matters, and the board's motives were im-

proper, while defendants say the board acted within the scope of the challenged statute.

That legislative and administrative actions are within the *discretionary* power of the acting branch or agency also flows from the separation-of-powers concept. For a case drawing the analogy between discretion in acting and delegation of power, see *Carlson v Landon,* 342 US 524, 540–544; 72 S Ct 525, 534–536; 96 L Ed 547, 560–562 (1952).

Whenever an act is within the scope of the power granted to the acting body, motive is not a test of the propriety of the exercise of that discretionary power. *People v Gardner,* 143 Mich 104, 106–109 (1906); *United States Cold Storage Corp v Detroit Board of Assessors,* 349 Mich 81 (1957).

The wisdom and motivation of the Wayne County Board of Commissioners in adopting its resolution is not a test of the validity of the exercise of its discretionary powers so long as the finding has a reasonable foundation as it does here.

It does not appear that the Wayne County Board of Commissioners acted without a reasonable basis, therefore, it did not abuse its discretion. *Carlson v Landon, supra; Wendel v Swanberg,* 384 Mich 468 (1971).

Affirmed. No costs.

All concurred.

## *APPENDIX*

The conflicting statutes as set out by plaintiff are:

## *STATUTORY CIVIL DUTIES OF PROSECUTOR*

MCLA 14.141; MSA 3.241:

*Audit books of school districts*

Mandatory duty of the prosecutor to comply with a request by 25% of the registered electors to assist in an investigation, examination,

and/or audit of books of townships or school districts.

MCLA 28.426; MSA 28.93:

*CCW*

Mandatory duty of prosecutor to be the chairman of the concealed weapon licensing board.

MCLA 41.504a; MSA 18.495:

*Revoking recreation hall permits*

Mandatory duty of prosecutor to attend and assist in the conduct of hearings before the township board regarding the revocation of recreational hall operating permits.

MCLA 46.30a; MSA 5.353(1):

*Recover wages two jobs*

Mandatory duty of prosecutor to bring civil actions on liability of county supervisor for wages paid on account of any other county position held by him.

MCLA 46.403; MSA 5.359(3):

*Apportionment commission*

Mandatory duty of prosecutor to sit with the county clerk, treasurer, and Democratic and Republican chairmen on the county apportionment commission to apportion supervisor districts.

MCLA 49.21; MSA 5.781:

*Deportation*

Mandatory duty of prosecutor, when an alien has been convicted of a felony, to ascertain if there be grounds upon which the deportation of such alien might be secured.

MCLA 78.18; MSA 5.1528:

*Advice to charter commissions*

Mandatory duty of prosecutor to give advice

to any and all charter commissions of this state.

MCLA 115.26; MSA 5.2066:

*Apportionment*

Mandatory duty of prosecutor to assist supervisors in circuit court on petition for reapportionment of fourth-class cities.

MCLA 141.431; MSA 5.3228(31):

*Recover public money illegally expended*

Mandatory duty of prosecutor to institute civil actions for the recovery of any public monies illegally expended.

MCLA 201.35; MSA 6.715:

*Vacant county offices*

Mandatory duty of prosecutor with the judge of probate and county clerk to fill by appointment vacant county offices.

MCLA 211.66; MSA 7.111:

*Collect property tax*

Mandatory duty of prosecutor to represent state in circuit court to collect general property tax.

MCLA 213.2; MSA 8.2:

*Condemnation*

Mandatory duty of prosecutor, when directed by the attorney general, to maintain condemnation suits of private property for state use.

MCLA 247.441; MSA 9.735:

*Appeals of road commission assessment*

Mandatory duty of prosecutor to represent county in appeals to review an assessment by the county road commissioners upon the county.

MCLA 257.320b; MSA 9.2020(2):

*Drivers school*

Mandatory duty of prosecutor to serve on the driver's safety school advisory board.

MCLA 259.51(e); MSA 10.151(e):

*Enforce aeronautics code*

Mandatory duty of prosecutor to enforce by means of injunctive orders from the circuit court the aeronautics code.

MCLA 281.65; MSA 11.300(5):

*Level of water in lakes*

Mandatory duty of prosecutor to bring petition in circuit court to determine the normal height and levels of the water in any inland lake.

MCLA 286.458; MSA 18.1235(8):

*Hazardous Substances*

Mandatory duty of prosecutor to seek injunctive enforcement of the Hazardous Substances Act.

MCLA 286.713(6); MSA 12.195(113)(6):

*Seed law*

Mandatory duty of prosecutor to seek injunctive enforcement of the Michigan Seed Law.

MCLA 289.714; MSA 12.933(14):

*Food law*

Mandatory duty of prosecutor to bring appropriate proceedings to civilly enforce the Michigan Food Law.

MCLA 326.8a; MSA 14.228(1):

*Determine cause and date of death*

Permissive duty of prosecutor, when disaster has occurred, to proceed in probate court to determine date and cause of death of persons

whose remains have disappeared or are unidentifiable.

MCLA 338.1125; MSA 14.757(25):

*Pharmacy act*

Mandatory duty of prosecutor to seek civil enforcement of pharmacy act.

MCLA 330.19; MSA 14.809:

*"48-hour detention"*

Permissive duty of prosecutor to give permission to police to confine dangerous persons up to 48 hours.

MCLA 400.78; MSA 16.478:

*Board of social welfare*

Mandatory duty of prosecutor to protect rights of county board of social welfare in gifts and devises.

MCLA 429.311; MSA 18.391:

*Mattress act*

Mandatory duty of prosecutor to seek injunctive enforcement of the mattress and comforts act.

MCLA 445.869; MSA 19.416(119):

May bring action to enjoin violation of the Retail Installment Sales Act.

MCLA 445.1422; MSA 19.417(422):

*Home improvement finance act*

Permissive duty of prosecutor to bring action to restrain or prevent violators of Home Improvement Finance Act.

MCLA 450.155; MSA 21.156:

*Trustee corporation by hospitals*

Mandatory duty of prosecutor to protect public interest by appearing in suits involving

trustee corporations as hospitals and charitable homes.

MCLA 552.454; MSA 25.222(4)

*Indigent mother separated from husband*

Mandatory duty of prosecutor to represent indigent mother separated from husband with respect to support.

MCLA 559.28; MSA 26.50(28):

*Condominiums*

Mandatory duty of prosecutor to seek civil enforcement of the Horizontal Real Property Act.

MCLA 560.266; MSA 26.430(266):

*Subdivision Control act*

Mandatory duty of prosecutor to bring an action to restrain or prevent any violations of Subdivision Control Act of 1967.

MCLA 561.2; MSA 26.878(2):

*Land title records destroyed*

Mandatory duty of prosecutor to file a bill in chancery to determine and quiet title when county records are lost or destroyed.

MCLA 600.4831; MSA 27A.4831:

*Penalties and fines*

Mandatory duty of prosecutor to maintain civil proceedings to recover penalties, fines, and forfeited recognizances.

MCLA 722.533; MSA 25.373:

*Protection of children's rights*

Mandatory duty of prosecutor to pursue to a final judicial determination the protection of children's rights in conjunction with the director of social welfare.

MCLA 722.714; MSA 25.494:
*Paternity*
Mandatory duty of prosecutor to represent female in paternity proceeding.