MACKINAC COUNTY PROSECUTING ATTORNEY v MACKINAC
COUNTY CLERK

1. COUNTIES—BOARD OF COMMISSIONERS—MEETINGS—LEGALLY AD-
   JOURNED MEETING—SPECIAL MEETING—STATUTES.
   A county board of commissioners has the power to adjourn a
   meeting with no requirement that the adjournment be to a
   fixed date; such an adjournment may be to the call of the
   chairman, and in the absence of proof that a chairman abused
   his power, a meeting so called is considered a legally adjourned
   meeting and need not comply with the requirements of a
   "special meeting", even though the meeting is identified as a
   "special meeting" in a notice sent to the commissioners of the
   time of the meeting and in the minutes of the meeting (MCLA
   46.1, 46.10).

2. COUNTIES—BOARD OF COMMISSIONERS—MEETINGS—LEGALLY AD-
   JOURNED MEETING—ACTION AGAINST COUNTY—PRIVATE COUN-
   SEL—STATUTES.
   ˙ A county board of commissioners, by a resolution passed at a
   "legally adjourned meeting", has the statutory authority to
   engage private counsel to represent the county in a civil action
   brought against it (MCLA 49.71).

3. COUNTIES—BOARD OF COMMISSIONERS—ACTION AGAINST COUNTY—
   PRIVATE COUNSEL—PROSECUTING ATTORNEYS—STATUTES.
   A resolution of a county board of commissioners, appointing
   private counsel to represent the county in a civil action
   brought against the county, which stated that the attorney to
   be appointed was already familiar with the case, and which
   implied that the prosecuting attorney was unable to properly
   represent the county because of his other duties, was a suffi-
   cient determination to comply with a statutory requirement

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions § 155 et seq.
[3] 56 Am. Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions §§ 220, 221.
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions §§ 829, 830.

that a board make a determination that the prosecuting attorney is unable to properly represent the county when the board employs an attorney for such representation (MCLA 49.71).

4. COUNTIES—BOARD OF COMMISSIONERS—CLAIM AGAINST COUNTY—
   PAYMENT OF CLAIM—ITEMIZED CLAIM—STATUTES.

   A county board of commissioners is empowered to adjust, allow, and authorize payment of all claims against the county, and while the board has the right to require that a claim be sworn or itemized, such a procedure need not be followed (MCLA 46.11, 46.71).

Appeal from Mackinac, Philip J. Glennie, J. Submitted October 14, 1975, at Marquette. (Docket No. 21735.) Decided November 13, 1975.

Complaint by the Mackinac County Prosecuting Attorney against the Mackinac County Clerk, the County Treasurer, the County Board of Commissioners, and the County Commissioners individually, for an injunction to prevent payment by the county of a claim for attorney fees to private counsel employed by the county to defend a civil action against the county. Accelerated and summary judgment for defendants. Plaintiff appeals. Affirmed.

*Edward J. McNamara, Jr.,* Prosecuting Attorney, plaintiff.

*Clark, Stroup, Brown, MacKenzie & Pointner,* for defendants.

Before: ALLEN, P. J., and DANHOF and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. This appeal challenges the defendant county board of commissioners' allowance of a claim by an attorney employed by the board to represent the county in a civil matter.

On April 15, 1974, plaintiff commenced this

action, seeking to prevent payment of the claim by injunction and now appeals from the grant of defendants' motion for accelerated and summary judgment.

In 1965, William Quance, Mackinac County Clerk, was involved in an automobile accident in which Suzanne Centala was severely injured. Centala, by her guardian, commenced suit against Quance and Mackinac County. The county was defended in the action by James Brown, at that time the prosecuting attorney. Centala settled with Quance and a release was signed. Summary judgment was granted for the county on the basis of the release. The guardian, however, appealed and the order of summary judgment was reversed. *Centala v Navrude,* 30 Mich App 30; 186 NW2d 35 (1971).

Prior to trial Edward G. McNamara, Jr., became prosecuting attorney. He attended a pre-trial conference in May, 1973. At a meeting of the county commissioners on May 16, 1973, McNamara advised the commissioners that Centala was seeking damages of $2,500,000, recommended a settlement, not to exceed $200,000, and further stated that he was prepared to defend the county in the lawsuit.

At the May 16, 1973, meeting it was moved and carried that the board adjourn "to the call of the chair, or June 13, 1973". On May 22, 1973, a postcard notice of a "special meeting" on May 24th called by the chairman "to discuss the possibility of hiring a special attorney" for the Centala suit was sent by mail to each commissioner. In addition the chairman telephoned all the commissioners.

At the May 24th meeting all the commissioners were present except Commissioner McNamara, who attended instead a prosecuting attorneys' con-

vention in Ann Arbor with her husband, the plaintiff. A resolution was adopted at this meeting to "hire the law firm of Brown and Brown to represent and defend Mackinac County" in the Centala case.

The law firm of Brown and Brown thereafter undertook the county's defense. Trial was held in October, 1973 and lasted several days. The jury returned a verdict of no cause for action in favor of defendant Mackinac County. Brown appeared at the October 10, 1973, meeting of the board of commissioners, at which all commissioners were present, and reported the result of the trial. A resolution was unanimously adopted commending Brown for his efforts and success. On March 6, 1974, Brown's bill, in the amount of $25,000 for legal services plus $600 for expenses, was presented to the commissioners. The board considered the claim on March 6 and again on March 18. On April 10, 1974, the claim was allowed by a vote of three in favor, one opposed and one abstaining. The bill was paid on April 15, the same day on which plaintiff brought this action to enjoin payment.

Plaintiff presents three issues in this appeal.

I.

Plaintiff first argues that the hiring of counsel was not legal for two reasons: One, the May 24, 1973, meeting at which the resolution to hire Brown was passed was not a legal meeting, since the statutory requirements for a "special meeting" were not complied with, MCLA 46.10; MSA 5.330; and two, the board made no express "determination" that the prosecuting attorney was "unable to properly represent the county", MCLA 49.71; MSA 5.824.

We agree that the statutory requirements for calling a "special meeting" were not complied with when the May 24, 1973, meeting was called. MCLA 46.10; MSA 5.330. However, even though the meeting was identified in the notice and in the minutes as a "special meeting", it was not strictly speaking a "special meeting", but rather an adjourned meeting. At the May 16, 1973, meeting the board adjourned to the call of the chair or June 13, 1973, as it had power to do. MCLA 46.1; MSA 5.321. *Kalamazoo Township v Kalamazoo County Clerk,* 339 Mich 619, 637; 64 NW2d 595 (1954):

"[MCLA 46.1; MSA 5.321] provides that the board 'shall have power to adjourn from time to time as they may deem necessary.' There is no requirement that the adjournment be to a fixed date. The board can place the responsibility on the chairman to issue the call for an adjourned meeting, and in the absence of proof that the chairman abused his power, the meeting so called shall be considered as a legally adjourned meeting".

The board of commissioners had statutory authority to engage civil counsel to represent the county in the *Centala* case, MCLA 49.71; MSA 5.824. They did so at a "legally adjourned meeting".

We also agree that the board made no express "determination" that the prosecuting attorney was "unable to properly represent the county", MCLA 49.71; MSA 5.824. *E.g., Wayne County Prosecuting Attorney v Wayne County Board of Commissioners,* 44 Mich App 144; 205 NW2d 27 (1972). However, the board's resolution did state that the board desired to retain private counsel to defend the Centala action and that Brown was already familiar with the case and had handled it since its inception. Implicit in the board's resolution was a determination that the prosecuting attorney with

all his many other duties was unable to represent the county properly in that important personal injury litigation. In the instant case that was a sufficient determination to comply with the statute.

## II.

Plaintiff next argues that, because the claim was unitemized, it was improper for the board to allow it.

By statute the board of commissioners is authorized to adjust, allow and authorize payment of all claims against the county. MCLA 46.11; MSA 5.331, MCLA 46.71; MSA 5.521. Plaintiff cites no authority for the proposition that the board cannot properly allow a claim unless it has been itemized. While the board has the right to require that a claim be sworn or itemized, such a procedure is not required. The board acted within the scope of its authority in allowing the claim.

## III.

Finally, because the resolution of the foregoing issues is determinative of this appeal, we decline to discuss the trial court's determination that the prosecutor had no standing to maintain this action.

Affirmed. No costs.