PEOPLE v STACKPOOLE

Docket Nos. 79189, 82350. Submitted May 8, 1985, at Lansing.—
Decided July 15, 1985. Leave to appeal applied for.

Defendant, William R. Stackpoole, was issued a citation for
operating a motor vehicle under the influence of intoxicating
liquor. The citation was returnable in 52nd District Court.
However, since it was determined that the offense had occurred
in that portion of Oakland County that is served by the 35th
District Court, venue was changed to the 35th District Court.
On March 28, 1983, an Oakland County prosecutor appeared
for a hearing in the 35th District Court, neither the defendant
or his attorney appeared, and the court, Dunbar Davis, J.,
signed a complaint and warrant on an Oakland County form.
On the same day, Judge Davis again called the case and a
Wayne County prosecutor, acting on the mistaken belief that
the case was a Wayne County case, moved to nol-pros the
case, stating that, pursuant to a plea bargain, defendant had
admitted responsibility for the civil infraction of careless driv-
ing and paid the scheduled fine for that offense. Judge Davis
did not recognize the case as an Oakland County case and
dismissed it. The Oakland County prosecutor, upon learning of
the court's disposition of the case, promptly filed a motion to
vacate the judgment and reinstate the case. Judge Davis there-
after issued an opinion denying the Oakland County prose-
cutor's motion to reinstate the case. The judge wrote that he
was of the opinion that the Wayne County assistant prosecutor
was a de facto prosecutor and that his plea bargain agreement,
although without legal authority, was binding. The judge then
issued a bench opinion reaffirming his written opinion and
entered an order denying the Oakland County prosecutor's
motion for reconsideration. The Oakland County prosecutor

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Judgments § 152 et seq.
See the annotations in the ALR3d/4th Quick Index under Judg-
ments § 2.

[2] Am Jur 2d, Judgments § 2 et seq.

[3, 4] Am Jur 2d, Prosecuting Attorneys § 20 et seq.
See the annotations in the ALR3d/4th Quick Index under District
and Prosecuting Attorneys.

then appealed to the Oakland Circuit Court. The defendant brought a motion to dismiss the appeal. The Oakland Circuit Court, David F. Breck, J., denied defendant's motion to dismiss, heard the appeal and affirmed the order denying reconsideration. The Court of Appeals granted the Oakland County prosecutor's application for leave to appeal therefrom (Docket No. 79189) and granted defendant's application for leave to appeal from the denial of his motion to dismiss (Docket No. 82350). The Court of Appeals consolidated the appeals. *Held:*

1. The Oakland County prosecutor's appeal to the Oakland Circuit Court was timely.

2. The Wayne County prosecutor had no authority in this case, is not a party and was not entitled to notice of appeal.

3. Assistant Wayne County Prosecuting Attorney Michael Gruskin was not a de facto Oakland County prosecutor when he moved to nol-pros the case. Gruskin had no legal authority to appear on behalf of the state in defendant's case. Gruskin was the authorized representative of only Wayne County. Gruskin's decision to permit defendant to admit responsibility for careless driving and to nolle prosequi the OUIL charge was an executive function that could be exercised only by the Oakland County Prosecutor's Office. Gruskin's unauthorized and accidental acts are not binding on the Oakland County Prosecutor's Office. The state was not officially present and the district court was without authority to pass on matters raised by Gruskin.

Defendant's admission of careless driving is nullified and the case is remanded to the trial court so that the Oakland County Prosecutor's Office may proceed on the properly issued warrant.

1. JUDGMENTS — ORDERS — DISTRICT COURT RULES.

    The District Court Rule regarding entry of judgments and orders and pertaining to the signing of judgments and orders is precatory in nature since it provides no sanctions (DCR 522.1).

2. COURTS — JUDGMENTS — ORDERS.

    Courts speak through their judgments and orders, not their oral statements or written opinions.

3. PROSECUTING ATTORNEYS — POWERS — DUTIES.

    A prosecuting attorney has only those powers and duties conferred by statute; the determination of the charge on which a defendant is to be prosecuted is an executive function and is a duty assigned to the prosecuting attorney.

4. PROSECUTING ATTORNEYS — DE FACTO PROSECUTORS.

    A prosecutor for one county does not act as a de facto prosecutor

for a second county where he acts on the mistaken belief that the case was a case from his county instead of from the second county and where he does not claim a fair color of right or title to the office of prosecutor in the second county and is not exercising the duties of the office of the prosecutor for the second county; the state will not be considered to be officially present and the courts are without authority to pass on matters raised by such an unofficial person; the acts of such a prosecutor are not binding on the prosecutor's office of the second county.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec* and *Thomas A. Law,* of counsel, for defendant on appeal.

Before: R. B. BURNS, P.J., and BRONSON and R. L. TAHVONEN,* JJ.

R. B. BURNS, P.J. On March 28, 1983, the 35th District Court, Judge Dunbar Davis, dismissed a charge against defendant for operating a motor vehicle under the influence of intoxicating liquor (OUIL), MCL 257.625; MSA 9.2325, on the motion of a Wayne County assistant prosecutor. The case was, in fact, an Oakland County case. The 35th District Court has concurrent jurisdiction over both Wayne County and Oakland County cases. MCL 600.8121(21); MSA 27A.8121(21). The Wayne County assistant prosecutor acted on the mistaken belief that the case was a Wayne County case.

The Oakland County prosecutor was not notified and did not consent to this disposition of the case and moved to vacate the judgment. On May 27, 1983, the judge issued an opinion holding that the

* Circuit judge, sitting on the Court of Appeals by assignment.

Wayne County assistant prosecutor had acted as a de facto prosecutor of the case. On September 22, 1983, an order denying the Oakland County prosecutor's motion for rehearing was entered. The Oakland County prosecutor's appeal to Oakland County Circuit Court was denied on May 11, 1984.

This Court granted the Oakland County prosecutor's application for leave to appeal on October 15, 1984 (Docket No. 79189). On November 16, 1984, the Oakland County Circuit Court denied defendant's motion to dismiss the Oakland County prosecutor's appeal to that court. On February 22, 1985, this Court (Docket No. 82350) granted defendant's application for leave to appeal (in effect, a cross-appeal to Docket No. 79189). Compare GCR 1963, 807.1 and MCR 7.207(A)(1). This Court further ordered that these cases be consolidated.

On April 16, 1982, Michigan State Police Troopers Timothy Riegle and Bruce Karazia observed defendant operating an automobile on southbound Novi Road in the City of Novi, County of Oakland. Because the officers felt defendant was operating the vehicle in an erratic manner, they followed and eventually stopped him on eastbound Eight Mile Road in the City of Northville in Oakland County. Defendant was arrested, given a sobriety test and issued a citation for OUIL. The citation was returnable in 52nd District Court.

On May 13, 1982, defendant filed a motion for a change of venue requesting that the case be moved to 35th District Court, and alleging that all relevant events occurred in Wayne County. On August 16, 1982, the Oakland County Prosecutor's Office mailed to defendant's attorney a copy of the police report and Breathalyzer test results. The case was scheduled for jury trial in 52nd District Court on November 29, 1982, and was rescheduled for January 27, 1983, at defendant's request.

By order of January 7, 1983, venue was changed to the 35th District Court. It was determined that the offense had occurred in that portion of Oakland County that is served by the 35th District Court. MCL 600.8121(21); MSA 27A.8121(21).

On March 4, 1983, the 35th District Court sent written notices to defendant's attorney, the Oakland County Prosecuting Attorney and Trooper Riegle, that a pretrial hearing would be held March 28, 1983, at 9 a.m. On that date, at approximately 9:30 a.m., Judge Dunbar Davis called the case.

Oakland County Assistant Prosecuting Attorney Lori Batts appeared for the Oakland County prosecutor. Neither defendant nor his attorney appeared. Trooper Riegle was sworn, stated that the offense occurred in Oakland County, and recited the facts observed by him. The court signed the complaint and warrant on an Oakland County form. The judge refused Batts' request for a bench warrant, indicating that the warrant had been signed and to "[j]ust go out and arrest him".

The same day, at approximately noon, Judge Davis again called the case. At that time, Assistant Wayne County Prosecuting Attorney Michael Gruskin moved to nol-pros the case, stating that, pursuant to a plea bargain, defendant had admitted responsibility for the civil infraction of careless driving and paid the scheduled fine for that offense. Judge Davis did not recognize the case as an Oakland County case and dismissed it. The Oakland County Prosecutor's Office had no knowledge of the disposition of the case by Gruskin and promptly filed a motion to vacate the judgment and reinstate the case.

Assistant Wayne County Prosecutor Robert Sage testified that he was in charge of the out-county

division of the Wayne County Prosecutor's Office. It was his impression that this case was a Wayne County case. Sage instructed Gruskin to give defendant the "best plea possible" because he was an attorney with no prior record and a fine man. According to Sage, the best plea possible would normally be a reduction of the charge to impaired driving to be taken under advisement for one year and, if there were no other drinking-and-driving convictions, the charge would be reduced to careless driving. Sage opined that Gruskin must have misunderstood him.

Gruskin testified that on March 28, 1983, he was substituting for another assistant prosecutor in the 35th District Court. He was given a docket sheet by the court clerk of all the cases assigned to him. Defendant's case was on that list. Gruskin contacted Sage, his supervisor, for instructions as to the resolution of the defendant's case. He did not review the file but did notice that it said "Oakland County case". He was informed, however, that the matter had been transferred to Wayne County. Gruskin stated that he was unaware that 35th District Court had concurrent jurisdiction over Wayne County and Oakland County cases. He had no authority to move for the dismissal of an Oakland County case and did so in defendant's case by mistake.

Trooper Karazia testified that he issued the careless-driving ticket at Gruskin's request. He knew that the case had been transferred from 52nd to 35th District Court. He did not question the authority of the Wayne County prosecutor and did not inform him that it was an Oakland County case.

On May 27, 1983, Judge Davis issued an opinion denying the Oakland County prosecutor's motion to reinstate the case. The judge wrote that he was

"of the opinion that the Wayne County assistant prosecutor was a de facto prosecutor and his plea bargain agreement, although without legal authority, is binding".

After hearing additional testimony on the Oakland County prosecutor's motion for reconsideration, on July 6, 1983, Judge Davis issued a bench opinion reaffirming his previous written opinion. The court stated:

"As I have said, I think the key issue is whether or not the Wayne County prosecutor was acting in good faith or simply made an honest mistake. In my opinion the Wayne County's Prosecutor's Office was acting in good faith with a mistaken belief that it was in charge of the case and the court reaffirms its opinion, a few minor corrections noted, and finds that the Wayne County Prosecutor's Office was a de facto prosecutor and the motion for reconsideration is denied."

An order denying the Oakland County prosecutor's motion for reconsideration was entered on September 22, 1983.

The Oakland County prosecutor appealed to Oakland County Circuit Court. On April 18, 1984, Oakland County Circuit Court Judge David F. Breck rendered the following bench opinion:

"Well, I'm going to adopt the view stated in *People v Davis* [86 Mich App 514; 272 NW2d 707 (1978)]. And there it was held that the de facto doctrine will validate on grounds of public policy and prevent a failure of public justice the acts of officials who function on the code of law."

An order to that effect was filed on May 11, 1984.

Defendant raises procedural issues regarding the appeal taken by the Oakland County prosecutor to Oakland County Circuit Court. Defendant con-

tends that the appeal period began to run when the district court orally denied the Oakland County prosecutor's motion for rehearing on July 6, 1983. If the prosecutor intended to appeal, defendant claims, the prosecutor should have submitted an order within 10 days of that date as required by DCR 522.1. The Oakland County prosecutor contends that the onus was on defendant, as the prevailing party, to submit the order for entry by the judge. See 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 8. Because DCR 522.1 provides no sanction, we find it is precatory in nature.

Courts speak through their judgments and orders, not their oral statements or written opinions. *Tiedman v Tiedman,* 400 Mich 571; 255 NW2d 632 (1977); *People v Hampton,* 407 Mich 354, 374, fn 1; 285 NW2d 284 (1979) (LEVIN, J., *concurring).* The Oakland County prosecutor had 20 days to appeal to circuit court after the order denying the motion was entered on September 22, 1983. GCR 1963, 701.2. The prosecutor timely brought appeal on October 6, 1983.

In any event, while the Oakland County prosecutor did not have statutory authority to appeal under MCL 770.12; MSA 28.1109, by ruling on the merits, the circuit court in effect exercised its discretion to consider a complaint for superintending control. Const 1963, art 6, § 13; GCR 1963, 711. See *People v Wilkins,* 121 Mich App 813, 817; 329 NW2d 500 (1982). Any procedural defect can be cured *nunc pro tunc.*

Since the incident occurred in Oakland County, appeal was properly taken to the Oakland County Circuit Court. Defendant's contention that the Wayne County Prosecutor's Office was entitled to notice of appeal is without merit. The Wayne County Prosecutor's Office is a stranger to this

case. Any action it may have taken in this matter was accidental. The Wayne County prosecutor had no authority in this case, is not a party and is not entitled to notice of appeal.

The lower court judges found that the assistant prosecutor for Wayne County was a de facto Oakland County prosecutor. They based this conclusion on *People v Davis, supra.* In *Davis,* a circuit court judge, on a motion of the prosecuting attorney for the county, appointed a special prosecutor to investigate alleged wrongdoing in the county sheriff's department. When the special prosecutor authorized the issuance of warrants charging the defendant with certain crimes, the defendant challenged the appointment of the special prosecutor before a different circuit court judge. That judge set aside the appointment of the special prosecutor and dismissed the warrants authorized by him because the circuit court had no authority to appoint a special prosecutor under the circumstances.

The plaintiff in *Davis* appealed to this Court alleging that the dismissal of the warrants was erroneous because the special prosecutor was a de facto public official. The majority opinion of this Court stated:

"The de facto doctrine will validate, on grounds of public policy and prevention of a failure of public justice, the acts of officials who function under color of law. *People v Townsend,* 214 Mich 267, 270; 183 NW 177 (1921), *People v Matthews,* 289 Mich 440, 447-448; 286 NW 675 (1939).

"In 46 CJ, Officers, § 366, p 1053, it states as follows:

" 'A person will be held to be a de facto officer when, and only when, he is in possession, and is exercising the duties, of an office; his incumbency is illegal in some respect; he has at least a fair color of right or title to the office, or has acted as an officer for such a length of

time, and under such circumstances of reputation or acquiescence by the public and public authorities, as to afford a presumption of appointment or election, and induce people, without inquiry, and relying on the supposition that he is the officer he assumes to be, to submit to or invoke his action; and, in some, although not all, jurisdictions, only when the office has a de jure existence.' " (Footnotes omitted.) 86 Mich App 522-523.

This Court agreed that the appointment of the special prosecutor was illegal. However, the special prosecutor was in possession of and exercised the duties of his office. He had a fair color of title to that office. This Court held that the special prosecutor was a de facto officer and that the lower court erred in dismissing the warrants issued by him. *Id.,* p 523.

In the instant case, when Gruskin moved to nol-pros the case against defendant, he was not exercising the duties of the office of assistant prosecuting attorney for Oakland County. Nor did he claim a fair color of right or title to that office. On the contrary, he at all times maintained that he was an assistant prosecuting attorney for Wayne County and acted only on the mistaken belief that this was a Wayne County case. Gruskin was not a de facto Oakland County prosecutor.

A prosecuting attorney has only those powers and duties conferred by statute. *Wayne County Prosecuting Attorney v Wayne County Board of Comm'rs,* 44 Mich App 144, 151; 205 NW2d 27 (1972); Const 1963, art 7, § 4. MCL 49.153; MSA 5.751 provides:

"The prosecuting attorneys shall, *in their respective counties,* appear for the state or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions, whether civil or criminal, in which the state or county may be a party or interested." (Emphasis added.)

Gruskin had no legal authority to appear on behalf of the state in defendant's case. He was the authorized representative of only Wayne County.

The determination of the charge on which a defendant is to be prosecuted is an executive function and is a duty assigned to the prosecuting attorney. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683-684; 194 NW2d 693 (1972). Gruskin's decision to permit defendant to admit responsibility for careless driving and to nol-pros the OUIL charge was an executive function that could be exercised only by the Oakland County Prosecutor's Office. Gruskin's unauthorized and accidental acts with regard to defendant's case are not binding on the Oakland County Prosecutor's Office. The state was not officially present and the district court was without authority to pass on matters raised by an unofficial person. *People v Navarre,* 22 Mich 1, 3-4 (1870).

Accordingly, we nullify defendant's admission of careless driving. The case is remanded to the trial court so that the Oakland County Prosecutor's Office may proceed on the properly issued warrant.