PEOPLE v LANGLEY

Docket No. 116647. Submitted July 17, 1990, at Lansing. Decided
    January 22, 1991, at 9:50 A.M.

Stephen A. Langley was convicted following a jury trial in the
    Midland Circuit Court of parental kidnapping and custodial
    interference. The court, Tyrone Gillespie, J., denied the defen-
    dant's motion for judgment notwithstanding the verdict, but set
    aside the verdict and ordered a new trial on the ground that
    failure to instruct the jury regarding the definition of reason-
    able doubt denied the defendant a fair trial and was error
    requiring reversal. At a subsequent hearing on further motions
    by the defendant, the court, Thomas A. Beale, J., succeeding
    Gillespie, J., dismissed the case, concluding that Judge Gillespie
    had, in effect, declared a mistrial without manifest necessity
    because the jury had been adequately instructed regarding
    reasonable doubt, and found that because the defendant had
    neither moved for nor consented to a new trial, retrial was
    barred on the ground of double jeopardy. The prosecutor ap-
    pealed.

    The Court of Appeals *held:*

    The trial court erred in determining that the grant of a new
    trial in effect was a declaration of a mistrial, in applying the
    rules relating to mistrials, and in ruling that retrial of the
    defendant was barred on the ground of double jeopardy. The
    ordering of a new trial was not an abuse of discretion.

    1. A mistrial and a new trial are not the same thing. A
    mistrial occurs where the jury is discharged and the trial ends
    before a verdict is reached. A new trial is a reexamination of
    an issue of fact in the same court after a trial and decision by a
    jury, the court, or a referee.

    2. A trial court, on its own initiative, may grant a new trial
    for a defendant for any cause for which a new trial may be
    granted by law or when it appears that justice has not been
    done.

    3. The Double Jeopardy Clause does not preclude retrial of a
    defendant whose conviction is set aside because of an error in
    the proceedings leading to conviction other than the insuffi-
    ciency of the evidence to support the verdict.

    4. A new trial may be granted whenever the substantial

rights of all or some of the parties are materially affected by an irregularity in the proceedings which denied the moving party a fair trial, or where an error of law occurred in the proceedings. The giving of erroneous jury instructions is an error of law and may form the basis of granting a new trial.

Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Norman W. Donker,* Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for the defendant on appeal.

Before: MARILYN KELLY, P.J., and HOOD and DOCTOROFF, JJ.

DOCTOROFF, J. The prosecutor appeals as of right from the order dismissing this case, arguing that Midland Circuit Judge Thomas A. Beale erred in determining that the retrial of defendant was barred on double jeopardy grounds. We agree, and reverse.

On November 23, 1988, defendant was convicted by a jury of violating the statute prohibiting parental kidnapping and custodial interference, MCL 750.350a(1); MSA 28.582(1)(1). Defendant subsequently filed a motion for judgment notwithstanding the verdict and for reconsideration of his earlier motion for a directed verdict. At a hearing on December 9, 1988, the trial judge, Midland Circuit Judge Tyrone Gillespie, denied defendant's motion, but set aside the verdict and ordered a new trial on the ground that his failure to instruct the jury regarding the definition of reasonable doubt denied defendant a fair trial and was error requiring reversal.

At a subsequent hearing on motions filed by defendant, Judge Beale, who succeeded Judge Gil-

lespie, raised the issue of double jeopardy. Judge
Beale concluded that Judge Gillespie had effec-
tively declared a mistrial without manifest neces-
sity, because the jury had been adequately in-
structed regarding reasonable doubt. Judge Beale
also found that defendant had not moved for a
new trial or consented to a new trial and, there-
fore, that retrial was barred on the ground of
double jeopardy. The order dismissing the case was
entered February 23, 1989.

The prosecutor argues that Judge Beale errone-
ously determined that, by granting a new trial,
Judge Gillespie effectively declared a mistrial and
that Judge Beale then erroneously applied the
rules relating to mistrials and dismissed the case.

The Fifth and Fourteenth Amendments of the
United States Constitution and the Michigan Con-
stitution, Const 1963, art 1, § 15, guarantee that no
person is to be twice put in jeopardy for the same
offense.

> "Being twice put in jeopardy" includes being
> subjected to a retrial after the initial prosecution
> ends in a mistrial. An exception to the double
> jeopardy bar has been made, and retrials allowed,
> where the prosecutorial or judicial errors requir-
> ing the mistrial appear to have been innocent or
> were beyond the prosecutor's control. A general
> exception has also been made where the mistrial
> was granted on the defendant's motion or with his
> consent. Where prosecutorial conduct provoked the
> defendant's motion for mistrial, however, the Dou-
> ble Jeopardy Clause has sometimes been held to
> bar retrial. [*People v Dawson,* 431 Mich 234, 236;
> 427 NW2d 886 (1988).]

The prosecutor correctly argues that Judge
Beale erred in determining that the grant of a new
trial was, in effect, a declaration of a mistrial. A

mistrial and a new trial are not the same thing. A new trial is "[a] re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees." Black's Law Dictionary (4th ed), p 1675. The trial court in a criminal case "may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, or when it appears to the court that justice has not been done . . . ." MCL 770.1; MSA 28.1098. The trial court may order a new trial on its own initiative. MCR 2.611(C). A mistrial is equivalent to no trial. A mistrial occurs where the jury is discharged and the trial ends before a verdict is reached. See *Dawson, supra,* p 251. There was no mistrial in this case. The jury's verdict was entered on November 23, 1988. Defendant thereafter moved for posttrial relief. Judge Gillespie set aside the verdict and ordered a new trial. Judge Beale, therefore, erred in applying the rules relating to mistrials.

It is well established that the Double Jeopardy Clause does not preclude the retrial of a defendant whose conviction is set aside because of any error in the proceedings leading to conviction other than the insufficiency of the evidence to support the verdict. *United States v Tateo,* 377 US 463, 465; 84 S Ct 1587; 12 L Ed 2d 448 (1964); *Burks v United States,* 437 US 1, 14-16; 98 S Ct 2141; 57 L Ed 2d 1 (1978); *Montana v Hall,* 481 US 400, 402; 107 S Ct 1825; 95 L Ed 2d 354 (1987); *Lockhart v Nelson,* 488 US 33, 38; 109 S Ct 285; 102 L Ed 2d 265 (1988). It is irrelevant whether the conviction is set aside through a direct appeal or a collateral attack. *Tateo, supra,* p 466; *Lockhart, supra,* p 38.

Applying these rules to the instant case, we conclude that Judge Beale erred in ruling that the retrial of defendant was barred on double jeopardy grounds. In the instant case, defendant attacked

the verdict by moving for judgment notwithstanding the verdict and for reconsideration of his earlier motion for a directed verdict. Judge Gillespie clearly ruled that there was sufficient evidence to support the verdict and denied defendant's motions. However, Judge Gillespie, sua sponte, set aside the verdict because he was convinced that he had committed prejudicial error by failing to instruct the jury regarding the definition of reasonable doubt. Judge Gillespie determined that, to remedy the error, a new trial should be ordered.

A new trial may be granted whenever the substantial rights of all or some of the parties are materially affected by an irregularity in the proceedings which denied the moving party a fair trial or where an error of law occurred in the proceedings. MCR 2.611(A)(1)(a) and (g); *People v Jehnsen*, 183 Mich App 305, 310; 454 NW2d 250 (1990). The giving of erroneous jury instructions is an error of law and may form the basis for granting a new trial. *Mitchell v Daly*, 133 Mich App 414, 428; 350 NW2d 772 (1984). A decision on a motion for a new trial will not be reversed absent a clear abuse of discretion. *Jehnsen, supra,* p 311. On the basis of our review of the transcript provided, we cannot say that a clear abuse of discretion occurred.[1]

Defendant's argument on appeal, that Judge Beale properly ruled that retrial was barred on the ground of double jeopardy because defendant's motion for a directed verdict should have been granted in that there was insufficient evidence, is not properly presented. An appellee is limited to the issues raised by the appellant unless a cross appeal is filed. Defendant did not file a cross appeal. MCR 7.207; *Bhama v Bhama,* 169 Mich

[1] We note that neither party argues on appeal that Judge Gillespie's ruling was erroneous.

App 73, 83; 425 NW2d 733 (1988). In addition, the transcripts necessary to review this issue have not been submitted to this Court.

Judge Beale's dismissal of this case is reversed, and the matter is remanded for a new trial pursuant to Judge Gillespie's December 9, 1988, order.

Reversed and remanded for a new trial. We do not retain jurisdiction.