PEOPLE v CARLOS JONES

Docket No. 138098. Submitted December 17, 1992, at Detroit. Decided December 20, 1993, at 9:35 A.M.

Carlos L. Jones was convicted after a bench trial in the Recorder's Court of the City of Detroit, James E. Roberts, J., of manslaughter, possession of a firearm during the commission of a felony, and careless and reckless discharge of a firearm. In finding the defendant guilty of manslaughter and felony-firearm, the court rejected the defendant's proffered defense of self-defense and found that the defendant's use of deadly force was unreasonable under the circumstances. Before sentencing, defense counsel moved for a judgment notwithstanding the verdict. The court denied the motion, finding that the remedy was only appropriate with jury verdicts, but, on its own motion, set aside the convictions of manslaughter and felony-firearm, made new findings of fact to the effect that the defendant had acted reasonably under the circumstances and had acted in self-defense, and acquitted the defendant of those two charges. The prosecutor appealed by leave granted, arguing that the trial court lacked the authority to change its verdict.

The Court of Appeals *held:*

1. Because a successful appeal by the prosecutor in this case will not subject the defendant to a second trial but will result in the original verdict being reinstated, there are no double jeopardy implications. Accordingly, the Court of Appeals has jurisdiction to hear the prosecutor's appeal pursuant to § 12 of the Code of Criminal Procedure, MCL 770.12; MSA 28.1109.

2. Although MCR 6.435(B) allows a trial court to alter its verdict before entry of judgment where it has reached a conclusion or rendered a decision that is erroneous because of being based on a mistaken belief in the facts or the applicable law, that rule is inapplicable in this case because the court here did not base its decision on a mistaken belief in the facts or law,

REFERENCES

Am Jur 2d, Appeal and Error §§ 268, 839; Criminal Law §§ 319, 320.

See ALR Index under Criminal Law; Double Jeopardy.

but undertook to reevaluate the evidence and make new findings of fact concerning the question of self-defense.

3. Given the potential for abuse if trial courts are allowed to alter their verdicts after they have been rendered, and given that finality of verdicts is desirable as a matter of policy, the trial court in this case erred in altering its reasoned verdict of guilty.

4. The Double Jeopardy Clause permits the Court of Appeals to reinstate the original verdict, but does not permit the Court of Appeals to simply remand this case for a new trial. Reinstatement of the original verdict would penalize the defendant for the admitted confusion of the trial court at the time of its entry of the original verdict. Accordingly, the case is remanded to the trial court to allow the defendant the opportunity to file a motion for a new trial, which, if made, the trial court is urged to grant.

Remanded.

MURPHY, J., dissenting, stated that the trial court's reversal of the manslaughter and felony-firearm verdicts should be affirmed, because MCR 6.435(B) is applicable under these circumstances, the action of the trial court was tantamount to granting a new trial, and the concerns expressed by the majority relative to jury verdicts do not exist where the court is the trier of fact.

1. APPEAL — PROSECUTOR'S APPEALS — CRIMINAL LAW — DOUBLE JEOPARDY.

The Court of Appeals has jurisdiction to hear a prosecutor's appeal of a verdict of acquittal entered by a trial court after it set aside a verdict of guilty; under those circumstances there is no need for a second trial and, thus, there are no double jeopardy implications (MCL 770.12; MSA 28.1109).

2. CRIMINAL LAW — TRIAL — BENCH TRIALS — VERDICTS — FINDINGS OF FACT.

A trial court that has sat without a jury in a criminal case lacks authority to set aside its finding of guilt after it has been rendered and then to enter new findings of fact and to acquit the defendant, the finality of verdicts being favored as a matter of policy; the proper relief from an erroneous verdict by a trial court that sat without a jury is a new trial in response to a proper motion of the defendant.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecut-

ing Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*Sequoia DuBose,* for the defendant.

Before: JANSEN, P.J., and MURPHY and MARILYN KELLY, JJ.

MARILYN KELLY, J. This is a prosecutor's appeal. Following a bench trial, defendant was found guilty of manslaughter, possession of a firearm during the commission of a felony and careless and reckless discharge of a firearm. MCL 750.321; MSA 28.553; MCL 750.227b; MSA 28.424(2); MCL 752.861; MSA 28.436(21). Prior to the entry of judgment and sentencing, the trial judge reversed the manslaughter and felony firearm verdicts. The prosecution argues that the judge lacked the power to change his own reasoned verdicts from guilty to not guilty. We agree but remand for further proceedings consistent with this opinion.

Defendant killed Michael Wilkins in Detroit during spontaneous celebrations over the Detroit Pistons' national basketball championship. Defendant and Wilkins' friend, Maurice Wilder, became involved in an altercation. When defendant attempted to leave in his car, Wilder and his friends blocked the way. Defendant got out of his car and shook hands with Wilder in an attempt to make peace. Then, Wilkins hit him in the jaw, knocking him to the ground. Defendant testified that he looked up and saw four or five of Wilkins' friends with bottles in their hands. Defendant pulled out a small caliber handgun and fired, killing Wilkins and wounding Curtis Sharon.

On November 5, 1990, the trial judge found

defendant guilty of manslaughter and felony fire-
arm for his actions against Wilkins. He indicated
that defendant's actions in firing a gun went be-
yond what was reasonable under the circum-
stances. For his actions against Sharon, he found
defendant guilty of careless and reckless discharge
of a firearm.

Defense counsel became clearly distressed after
the verdict was read. He asked the judge to ex-
plain the decision. The judge replied:

> You can come back any time, any time in terms
> —any time I am not sitting, you and another
> lawyer.

On November 13, 1990, defense counsel moved
for a judgment notwithstanding the verdict. The
trial judge denied it, finding the remedy was
proper only for jury verdicts. However, he indi-
cated that he had an obligation under the law to
correct a decision not justified by the law. On his
own motion, he reversed his earlier verdict and
acquitted defendant of manslaughter and felony
firearm. He left intact the guilty verdict for care-
less and reckless discharge of a firearm against
Sharon.

The judge placed new findings of fact on the
record. He determined that defendant had acted in
self defense. The judge indicated he was confused
when he rendered the original verdict, since he
had misplaced his trial notes. He altered the ver-
dict on the basis that the original verdict resulted
in a miscarriage of justice. He denied having any
ex-parte communications with defense counsel.

I

The sole issue raised by the parties on appeal is

whether the trial judge had the authority to alter his verdict before the entry of judgment. Although the issue was not raised by either party, we must first determine whether we have jurisdiction to hear the prosecutor's appeal. Courts are bound to take notice of the limits of their authority. See *People v Caballero,* 437 Mich 884, 887 (1990), citing *In re Fraser's Estate,* 288 Mich 392, 394; 285 NW 1 (1939).

The people may appeal only to the extent provided by statute. *People v Cooke,* 419 Mich 420, 425; 355 NW2d 88 (1984). In *Cooke,* the Michigan Supreme Court held that § 12 of the Code of Criminal Procedure does not authorize an appeal from an order of acquittal made after the defendant has been put in jeopardy. *Id.*; MCL 770.12; MSA 28.1109. In *Cooke,* after the jury found the defendant guilty, the trial court reversed and acquitted him. *Cooke,* 424.

Section 12 has been amended since *Cooke* was decided. It now provides that the people may take an appeal in any case if the Double Jeopardy Clause would not bar further proceedings. *Caballero,* 885; *People v Reynolds,* 181 Mich App 185, 187-188; 448 NW2d 774 (1989); US Const, Am V; Const 1963, art 1, § 15. In *Reynolds,* we held that a prosecutor's appeal of a sentence does not subject the defendant to a second trial. Therefore, appealing the sentence did not present double jeopardy implications and was permissible under § 12. *Reynolds,* 188.

Likewise, the appeal in this case does not subject defendant to a second trial and does not present double jeopardy implications. If the prosecution prevails, the original verdict will be reinstated. If defendant prevails, the judgment will be affirmed.

Neither requires a second trial.[1] Consequently, we conclude that we have jurisdiction to hear this appeal.

II

In anticipation of our resolution of the unusual situation presented here, we also note that:

[T]he Double Jeopardy clause does not preclude retrial of a defendant whose conviction is set aside because of any error in the proceedings leading to conviction other than the insufficiency of the evidence to support the verdict. [*People v Langley,* 187 Mich App 147, 150; 466 NW2d 724 (1991).]

In *Langley,* the defendant attacked his guilty verdict by moving for judgment notwithstanding the verdict and for reconsideration of his earlier motion for a directed verdict. The trial judge ruled there was sufficient evidence to support the verdict. However, he set it aside sua sponte, convinced that he had committed prejudicial error when failing to instruct the jury regarding the definition of reasonable doubt. Following a prosecutor's appeal, we concluded that retrial was not barred by the Double Jeopardy Clause and remanded for a new trial.

A new trial is appropriate when an irregularity has adversely affected the substantial rights of some or all of the parties, denying the moving party a fair trial. It may be granted, also, where an error of law occurred. *Langley,* 151, citing MCR 2.611(A)(1)(a) and (g) and *People v Jehnsen,* 183

---

[1] Although retrial following acquittal is barred under the Double Jeopardy Clause, the government may appeal if reinstatement of the jury's verdict of conviction, rather than retrial, is sought. See *People v Anderson,* 409 Mich 474, 483, n 10; 295 NW2d 482 (1980), cert den 449 US 1101 (1981), citing *United States v Wilson,* 420 US 332; 95 S Ct 1013; 43 L Ed 2d 232 (1975).

Mich App 305, 310; 454 NW2d 250 (1990). A motion for a new trial may be granted on any ground which would support appellate reversal of a conviction or because the verdict resulted in a miscarriage of justice. MCR 6.431(B). The Double Jeopardy Clause is not implicated when a defendant moves for and obtains a new trial on these grounds.

III

The court rules authorize trial courts to alter their verdicts prior to entry of judgment based on a substantive mistake. MCR 6.435(B). A substantive mistake is a conclusion or decision that is erroneous, because it is based on a mistaken belief in the facts or the applicable law. Michigan Court Rules Practice, Rules 6.000 to 6.999 (1993 Interim Pamphlet), p 394. In this case, rule 6.435 is inapplicable, since the trial judge did not base his decision on a mistaken belief in the facts or law. Rather, he reevaluated the evidence presented and found that defendant had acted in self defense.[2]

The prosecution argues that we should follow the rationale of those cases holding that, once a jury has been discharged, it cannot amend or alter its verdict. See *Hoffman v Spartan Stores, Inc,* 197 Mich App 289, 293; 494 NW2d 811 (1992), citing *Hoffman v Monroe Public Schools,* 96 Mich App 256, 261; 292 NW2d 542 (1980). Refusing to allow a jury to alter its verdict after discharge protects

[2] The altered verdict was not due to an initial mistaken belief concerning the law of self defense. In Michigan, the killing of another person in self-defense can be justifiable homicide; the defendant must have acted in the honest and reasonable belief that his life was in imminent danger or that he was threatened with serious bodily harm. *People v Heflin,* 434 Mich 482, 502; 456 NW2d 10 (1990). In the trial judge's original findings of fact, he recognized that defendant believed he was about to be attacked. However, he concluded that the shooting went beyond what was reasonable under the circumstances.

both the finality attached to judgments and the sanctity of the jury room. *Hoffman v Spartan Stores, supra,* 294. In *Hoffman,* when the jury altered its original verdict, judgment had not been entered on it. See also *People v Rushin,* 37 Mich App 391; 194 NW2d 718 (1971). Nonetheless, we reversed the judgment of the circuit court and remanded for reinstatement of the jury's original verdict.

In *Rushin,* the jury acquitted the defendant and was discharged. The judge immediately ordered it back to deliberate when one of the jurors indicated that he did not agree with the verdict. Eventually, a mistrial was declared. The defendant was then retried and convicted of armed robbery. We reversed the conviction, finding that the jury's alteration of its verdict offended the policies underlying the Double Jeopardy Clause. *Id.,* 399; US Const, Am V; Const 1963, art 1, § 15. Preventing a jury in a criminal case from altering its verdict preserves the integrity of the guilty verdict. *Rushin,* 399; Cf. *People v Kinard,* 129 Mich App 94, 97; 341 NW2d 820 (1983).

In *Kinard,* the defendant was convicted of second-degree murder and possession of a firearm during the commission of a felony following a bench trial. At the close of trial, the court failed to render an express decision on the felony firearm charge. We indicated that finality of verdicts may be required by the Double Jeopardy Clause and desirable as a matter of policy. *Id.,* 98. However, those interests had no relevance in *Kinard,* since the trial court did not alter its verdict but merely delaying announcing it. *Id.*[3]

[3] See also *Commonwealth v Coleman,* 367 Pa Super 108, 120; 532 A2d 477 (1987). (A trial judge has no more authority over a verdict in a nonjury trial than over a jury verdict. In a motion for arrest of judgment, the trial judge cannot alter the verdict based upon a redetermination of credibility or a reevaluation of the evidence.)

In the instant case, defendant argues that no error resulted, since no judgment had been entered before the alteration of the verdict. A court speaks through written judgments and orders rather than oral statements or written opinions. See *People v Stackpoole,* 144 Mich App 291; 375 NW2d 419 (1985). However, the public policy rationale behind prohibiting alteration of verdicts is to encourage the finality of verdicts and to prevent potential abuses. In criminal cases, finality of verdicts is required under the Double Jeopardy Clause. Entering a judgment has no double jeopardy implications. Once a verdict of acquittal has been rendered, jeopardy attaches, even if a judgment does not follow. See *Rushin,* 400. The fact that, in this case, no judgment had yet been entered when the judge altered the verdict does not influence our decision.

To permit a trial court to alter a verdict is to raise the spectre of serious judicial abuse. Here, there is some implication that the trial judge had ex-parte communications with defense counsel before he changed his verdict. Even if a communication never occurred, the potential for abuse is real if altered verdicts are permitted.

We conclude that the trial judge erred in altering his own reasoned verdict of guilty. Even in bench trials, finality of verdicts is required under the Double Jeopardy Clause and is desirable as a matter of public policy.

IV

In this case, the authority we have cited supports the proposition that reinstatement of the initial verdict is the appropriate decision. *People v Anderson,* 409 Mich 474, 483; 295 NW2d 482 (1980); *Commonwealth v Coleman,* 367 Pa Super

108; 532 A2d 477 (1987). However, the prospect of simply reinstating is troublesome.

When the judge rendered the second verdict, acquitting defendant, he indicated that he had been confused at the time of the first verdict because he had misplaced his notes. Furthermore, the record indicates, he believed the original verdict had resulted in a miscarriage of justice. While MCR 6.431(B) does not authorize the trial court to amend or alter its original verdict, it does authorize it to grant a new trial; the basis for the grant is that the verdict resulted in a miscarriage of justice. MCR 6.431(B).

Here, defense counsel moved for a judgment notwithstanding the verdict. The judge denied the motion, as the remedy is available only in jury trials. Even so, the judge was entitled to grant a new trial on his own motion or to indicate that he would entertain a motion for a new trial. *Langley,* 151. He did not do so, even though he concluded that a miscarriage of justice had occurred.

While the Double Jeopardy Clause permits us to reinstate the original verdict, it does not permit us to simply remand for a new trial. But a reinstatement of the original verdict, without more, would penalize defendant for the trial judge's errors. At the time of the post-verdict motions, the appropriate remedy was to grant a new trial. Consequently, we remand to the trial court to allow defendant to move for a new trial. We urge the trial judge who hears this motion to grant it.

Remanded.

Jansen, P.J., concurred.

Murphy, J. *(dissenting).* I would affirm the judgment of the trial court, because I believe that the trial court was not prohibited from altering its

verdict following the bench trial, but before the entry of judgment. I therefore dissent.

Courts speak through judgments and orders and not through oral statements. *People v Stackpoole,* 144 Mich App 291, 298; 375 NW2d 419 (1985). Although the trial court stated its intention to enter an order of judgment convicting defendant of manslaughter, it never did so. Instead, after further evaluation, the trial court acquitted defendant of this charge. I therefore decline to treat the trial court's earlier oral statement as the entry of a judgment of conviction.

Before the entry of judgment in a criminal case, a trial court may modify any order it concludes was erroneous. MCR 6.435(B) provides, in pertinent part:

> Substantive Mistakes. After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

The majority concludes that the trial court's authority under this rule is limited to "substantive mistakes," because that term is defined in the staff comments to the court rule, which are reproduced in Michigan Court Rules Practice, Rules 6.000 to 6.999, (1993 Interim Pamphlet), p 394. Unlike the majority, I would not construe the term "substantive mistakes" to limit the application of this rule, because the term appears to merely be a "catch line" to the rule and, therefore, may not be used to construe the rule more narrowly than the text of the rule indicates. MCR 1.106. I also do not accept the definition of this term provided in the staff comments as determinative.

In addition, the trial court's actions were essen-

tially those permitted by MCR 6.431(C), which states:

> Trial Without Jury. If the court tried the case without a jury, it may, on granting a new trial and with the defendant's consent, vacate any judgment it has entered, take additional testimony, amend its findings of fact and conclusions of law, and order the entry of a new judgment.

Although the trial court in this case did not specifically grant defendant a new trial, the trial court's actions of amending its findings of fact and conclusions of law are allowed by this rule. Even if the trial court had previously entered a judgment convicting defendant, it had authority under MCR 6.431 to grant defendant a new trial, vacate the judgment, and order the entry of a new judgment. The trial court was further entitled to order a new trial if it believed that the verdict resulted in a miscarriage of justice. MCR 6.431(B); *In re Dana Jenkins,* 438 Mich 364, 372-373; 475 NW2d 279 (1991).

I further believe that the concerns discussed by the majority regarding altering a jury verdict after it is announced do not exist when the trial court is the finder of fact. Far from violating double jeopardy protections, as the majority opinion suggests, a trial court's recision of a judgment and entry of a new judgment after a bench trial are actions authorized by court rule.

In addition, while not relevant to the discussion of the trial court's authority to alter its verdict, I note that the record does not support the prosecution's contention that the trial court's action was the result of ex parte communications with defense counsel.

I would therefore affirm.