*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TERRANCE DEYOUNG SELF,

Defendant-Appellant.

UNPUBLISHED
June 11, 2020

No. 347036
Berrien Circuit Court
LC No. 2017-005088-FH

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

BOONSTRA, P.J. (*concurring*).

As much as I might like to join the dissent in fixing the trial court's sentencing error in this case, I conclude that I am unable to do so, at least at this juncture.

On June 26, 2018, the trial court orally sentenced defendant to 24 months to 20 years' imprisonment, below the minimum sentence guidelines range of 72 to 120 months' imprisonment. Upon questioning by the prosecution, the trial court reiterated that that was its sentence.

The next day, the trial court claimed that it had intended to sentence defendant to a minimum of 72 months' imprisonment, and that contemporaneously with its oral pronouncement had written down "on the court file minute sheet[] a minimum of 72 months in prison" and signed it. The problem is that no such "court file minute sheet" exists anywhere in the record.

While the dissent gives lip service to the fact that "[a] court speaks through written judgments and orders rather than oral statements or written opinions," *People v Jones*, 203 Mich App 74, 82; 512 NW2d 26 (1993), it essentially ignores this critical fact. It instead highlights the fact that there is no document in the record specifically entitled "judgment of sentence" showing a minimum sentence of 24 months. And that is certainly true.

But now that we have established what the record does *not* show, what *does* it show? It shows that the trial court's Case Event Report (often referred to as a Register of Action or ROA), under the date of June 26, 2018, references a "Judgment of Sentence Form" and further reflects that a sentencing hearing was held and a sentence of "0024 MONTHS 0020 YEARS" was imposed. The record also reflects that the trial court, on the same date, signed and entered into the

-1-

record an order of commitment that, while not specifically labeled a "Judgment of Sentence," specifically orders that defendant be "Committed to State Prison as Follows: 24 months – 20 years." Consequently, the only contemporaneous *writings* in the record are consistent with the trial court's oral minimum sentence of 24 months.

The record also reflects that the trial court held a further sentencing hearing on June 27, 2018, and the ROA reflects "AMENDED SENTENCING HELD" and a sentence of "0072 MONTHS 0020 YEARS." And the trial court signed an "Amended Judgment of Sentence," dated June 28, 2018, reflecting that amended sentence. But since, as the trial court recognized, that judgment of sentence was an "amended" one, what did it amend? It must have amended an earlier judgment of sentence that had imposed a different (i.e., the lower, 24-month minimum) sentence. I cannot both discount the signed commitment order as something other than a judgment of sentence and yet attribute the trial court's labeling of the "amended" judgment of sentence as "amended" to the fact that it had earlier signed the order of commitment.

I also cannot explain (nor, apparently, can anyone else) what happened to either the "court file minute sheet" that the trial court says that it signed or the June 26, 2018 "Judgment of Sentence Form" reflected in the ROA. Neither apparently exists. That frustrates me, as does the fact that the trial court appears to have said one thing and done another, and may have sentenced defendant to a lower sentence that it intended. But, under *People v Dotson*, 417 Mich 940; 331 NW2d 477 (1983), I think that we and the trial court are stuck with that, at least for now.

I do agree with the dissent that when the trial court, on remand, corrects defendant's judgment of sentence to accurately reflect his sentence (whether errantly imposed or not) of 24 months to 20 years' imprisonment, the prosecution may then have a right to appeal (or take other action in the trial court short of an appeal) the sentence as an out-of-guidelines sentence for which the trial court has provided no justification. However, because the prosecution to date has not filed an appeal or cross-appeal on that issue, I would not address it sua sponte today. While that may seem judicially inefficient, I would let the process proceed in the usual course and address the issue if and when it returns to us.

/s/ Mark T. Boonstra

-2-