Gribbs, PJ.
This is a prosecutor’s appeal. We reverse and remand.
Defendant was tried before a jury on two counts of fourth-degree criminal sexual conduct (esc), MCL 750.520(e); MSA 28.788(5). At the close of the three-day trial, the jury was instructed concerning fourth-degree CSC. After the jury completed its deliberations, the foreperson stated on the record the jury’s verdict of “guilty for the act of criminal sexual conduct in the first degree for the first offense and guilty for the act of criminal sexual conduct in the second degree second offense.” The jurors were polled, each juror affirming that this was his or her verdict and that the *503 verdict was unanimous. The trial judge then asked counsel whether there was “any legal reason why the jury should not be dismissed at this time?” Both counsel indicated that there was no reason not to dismiss the jury. The trial judge dismissed the jurors with his thanks and told them, “If you’ll wait back in the jury room, I’ll be back to see you in just a minute.” The jury was excused at 4:04 p.m.
Immediately after the jury was excused, defense counsel moved to set aside the verdicts because the jury improperly found defendant guilty of first- and second-degree esc, rather than the charged offenses of fourth-degree CSC. At 4:12 P.M. the trial court called the jurors back and asked the foreperson to read the verdict again. Reading the verdict a second time, the foreperson stated that the jury found defendant “guilty first offense criminal sexual conduct in the fourth degree, guilty of the second offense criminal sexual conduct in the fourth degree.”
The other jurors all agreed with the verdict as restated, and the trial court initially treated the second statement as a correction of the previously misstated verdict. Defendant moved to set aside the verdict, and, after conducting a hearing regarding the issue, the trial court dismissed both counts against defendant.
As the trial court correctly recognized, the jury’s function ceased after it had been discharged. People v Rushin, 37 Mich App 391, 398-399; 194 NW2d 718 (1971). The trial court wrongly concluded, however, that dismissal of the charges against defendant was required in this case. On the whole record, in keeping *504 with “a rule of reasonableness”[1] in construing the jury verdict, we can easily deduce that the jury intended to convict defendant of both counts of the charged offense. The two counts of fourth-degree esc were the only charges on which defendant was tried and the only counts on which the jury was instructed. There were no lesser offense instructions. The written verdict form clearly and unambiguously reflects the jury’s verdict of guilty of both counts of fourth-degree CSC.
Under the circumstances before us, it is apparent from the record that, despite the foreperson’s misstatement, the jury found defendant guilty as charged of two counts of fourth-degree CSC. The trial court erred in dismissing the charges against defendant. The jury’s verdict of guilty of both counts is reinstated and this matter is remanded for sentencing.
Reversed and remanded. We do not retain jurisdiction.
Hood, J., concurred.

 People v Rand, 397 Mich 638, 642; 247 NW2d 508 (1976), mod on other grounds, 399 Mich 1040 (1977).