PEOPLE v HENRY

Docket No. 230353. Submitted August 7, 2001, at Detroit. Decided November 16, 2001, at 9:00 A.M. Leave to appeal denied, 465 Mich ___.

Rahiem L. Henry was tried before a jury in the Wayne Circuit Court, Prentis Edwards, J., on one count alleging assault with intent to commit murder and one count alleging leaving the scene of a serious personal injury motor vehicle accident. The jury was instructed regarding the charged offenses and the lesser included offense of assault with intent to commit great bodily harm less than murder. The jury reached a verdict of guilty with regard to the motor vehicle offense but indicated it was unable to reach a unanimous decision regarding the assault charge. The court accepted the guilty verdict and sent the jury back to continue deliberations regarding the assault charge. The jury returned, and when asked what the jury had decided regarding "the charge of assault with intent to murder," the foreperson said, "Find him not guilty." The jurors responded affirmatively when asked if that was their verdict. The jury was discharged after the prosecutor declined an offer to poll the jury. The court was then given the verdict form, signed by the foreperson, indicating that, although the jury had acquitted the defendant of the charge of assault with intent to murder, it had convicted him of assault with intent to do great bodily harm less than murder. The court denied the prosecutor's motion to reconvene the jury at a later date to "complete" its verdict regarding the assault charge. The prosecution appealed.

The Court of Appeals *held*:

In criminal cases, the state is authorized to take an appeal from a final judgment or order of a court or tribunal only where the protection against double jeopardy would not bar further proceedings against the defendant. Because in this case double jeopardy protections would bar further proceedings against the defendant, this appeal must be dismissed on the basis of lack of appellate jurisdiction.

1. The trial court correctly determined that the motion must be denied on the basis that to grant the motion would be a violation of the defendant's right to be free from twice being placed in jeopardy.

2. The jury's verdict was final. The jeopardy that attached when the jury was sworn in was terminated when the panel was discharged.

3. Because the verdict indicated by the written jury form was never assented to by the jury, either as a whole or individually, it cannot be said with certainty that the form, signed only by the foreperson, represented a unanimous decision of the jury. Therefore, the written jury form did not clearly and unambiguously reflect the jury's verdict and the relief sought by the prosecutor would amount to more than the delayed announcement of a verdict already established.

Dismissed.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — DOUBLE JEOPARDY — APPEAL.

A state is authorized to take an appeal from a final judgment or order of a court or tribunal in a criminal case only where the protection against double jeopardy would not bar further proceedings against the defendant (US Const, Am V; Const 1963, art 1, § 15; MCL 770.12[1]).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — JURY.

Jeopardy generally attaches when a jury in a criminal matter is selected and sworn in, and the defendant then has a constitutional right to have the case completed and decided by that jury.

3. CRIMINAL LAW — JURY — RECALLING JURY.

A jury in a criminal matter may change the form and substance of a verdict to coincide with its intentions at any point before being discharged, but may not alter or amend the verdict after it has been discharged.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jeffrey Caminsky*, Senior Appellate Attorney, for the people.

*Metropolitan Legal Group, PLLC* (by *Traci L. Richards*), for the defendant.

Before: BANDSTRA, C.J., and WHITBECK and OWENS, JJ.

BANDSTRA, C.J. The prosecution appeals as of right from the trial court's order denying its motion to

reconvene the jury. We dismiss the appeal for lack of jurisdiction.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant was tried before a jury on one count each of assault with intent to commit murder[1] and leaving the scene of a serious personal injury motor vehicle accident.[2] At the close of trial, the jury was instructed concerning the elements of both charged offenses, as well as the lesser included offense of assault with intent to commit great bodily harm less than murder.[3] After deliberating for little more than a day, the jury indicated that it had reached a verdict with respect to count II—leaving the scene of an accident—but it was unable to reach a unanimous decision on the assault charge. Noting that the jurors had not yet spent a great deal of time deciding the case, the trial court accepted the jury's verdict of guilty on count II of the information but sent the panel back to continue its deliberations with respect to count I. A short while later, the following transpired:

> *The Court*: I've received a note indicating that you have reached a verdict regarding the first count of the information. Is that correct?
>
> [*Jury Foreperson*]: Yes.
>
> *The Court*: [The court clerk] will receive the verdict.
>
> *The Court Clerk*: Mr. Foreperson, how do you find the defendant, Rahiem L. Henry as to the charge of assault with intent to murder?
>
> [*Jury Foreperson*]: Find him not guilty.

---

[1] MCL 750.83.

[2] MCL 257.617.

[3] MCL 750.84.

*The Court Clerk*: Jurors, would you please stand and raise your right hand. Mr. Foreperson and members of the jury, you do say upon your oath that you find the defendant, Rahiem L. Henry, not guilty of the charge of assault with intent to murder. So say you Mr. Foreperson, so say you all members of the jury? Is that your verdict?

The jurors responded affirmatively, after which they were thanked and discharged by the court following the prosecutor's decline of an offer to poll. Immediately thereafter, the court was presented with a verdict form, signed by the jury foreperson, indicating that although the jury had acquitted defendant of the primary charge of assault with intent to murder, it had nonetheless convicted him of the lesser included offense of assault with intent to do great bodily harm less than murder. Although finding that there had been an apparent "breakdown in communication" between itself and the jury foreperson when receiving the verdict on count I,[4] the court nonetheless determined that, because it had accepted a verdict and discharged the jury, it had no choice but to dismiss the assault charge.[5] Relying on the written verdict form, the prosecutor moved to reconvene the jury at a later

---

[4] The court explained this breakdown as follows:

I thought that the question put to [the foreperson] was, how do you find the defendant as to Count I. And I believe the response that he gave was not guilty. And I interpreted that to mean that, exactly what it said, that he is not guilty of Count I, so that we needed not, did not need to make inquiry regarding the lesser charges.

We note that the record further indicates that, upon rendering their verdict as inquired into by the court clerk, there was apparently some "hesitation" by the jurors as if "they wanted to add more."

[5] The court, however, retained the jury's verdict with respect to count II of the information, for which defendant was subsequently sentenced to a term of two years' probation.

date so that it might "complete" its verdict on count I. The trial court denied the motion, finding that to do so would be a violation of defendant's right to be free from twice being placed in jeopardy. We find no error in this decision.

## II. JURISDICTION

### A. THE PROSECUTOR'S RIGHT TO APPEAL

In criminal cases, the state is authorized to take an appeal from a final judgment or order of a court or tribunal only where "the protection against double jeopardy [under the state and federal constitutions] would not bar further proceedings against the defendant . . . ."[6] On a number of occasions, we have held that this statutory limitation does not prevent the government from seeking an appeal where reinstatement of a verdict of conviction, rather than a retrial, is sought.[7] Here, however, the prosecutor does not seek merely to reinstate a verdict clearly expressed by the existing record, but, rather, to continue proceedings against defendant so that such a record may be developed. As hereafter explained, we find the trial court to have correctly determined such proceedings to be barred by the double jeopardy protections and there-

---

[6] MCL 770.12(1).

[7] See, e.g., *People v Hutchinson*, 224 Mich App 603, 606-607; 569 NW2d 858 (1997), quoting *People v Jones*, 203 Mich App 74, 78-79; 512 NW2d 26 (1993); *People v McEwan*, 214 Mich App 690; 543 NW2d 367 (1995). See also *People v Reynolds*, 181 Mich App 185, 188; 448 NW2d 774 (1989) ("[a] prosecutor's appeal of a sentence does not subject the defendant to a second trial, but only a correction of the judgment, and thus does not present double jeopardy implications").

fore dismiss this matter for want of appellate jurisdiction.[8]

B. JURY RECALL AND DOUBLE JEOPARDY PROTECTIONS

A double jeopardy challenge involves a question of law that this Court reviews de novo.[9] Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense.[10] "When a defendant exercises the right to trial by jury, jeopardy generally attaches at the time the jury is selected and sworn."[11] Once jeopardy attaches, the defendant has "a constitutional right to have his case completed and decided by that tribunal."[12] The underlying principle of such protection is to prevent the state from making "repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."[13]

This Court in *People v Rushin*[14] applied double jeopardy protections in a situation similar to that presented here. There, after returning verdicts of not

---

[8] MCR 7.203(E). See also *People v Hinerman,* 420 Mich 851, 851; 358 NW2d 894 (1984) ("[t]he Court of Appeals had no authority to entertain the prosecution's appeal of the trial court's decision . . . since MCL 770.12; MSA 28.1109 does not permit such an appeal under the circumstances . . .").

[9] *People v Kulpinski,* 243 Mich App 8, 12; 620 NW2d 537 (2000).

[10] US Const, Am V; Const 1963, art 1, § 15.

[11] *People v Mehall,* 454 Mich 1, 4; 557 NW2d 110 (1997).

[12] *People v Dry Land Marina, Inc,* 175 Mich App 322, 325; 437 NW2d 391 (1989).

[13] *Green v United States,* 355 US 184, 187-188; 78 S Ct 221; 2 L Ed 2d 199 (1957).

[14] *People v Rushin,* 37 Mich App 391; 194 NW2d 718 (1971).

guilty, the jury was dismissed by the trial court and left the courtroom.[15] Moments later, however, the panel was reassembled and ordered to continue its deliberations after the trial court learned that a member of the panel had, during assent, expressed dissatisfaction with the reported verdict.[16] When these additional deliberations failed to produce a unanimous decision, a mistrial was declared after which the defendants were subsequently retried and convicted.[17] In reversing those convictions on appeal, we held that "the jury's verdict of acquittal at the first trial was final."[18]

> Once the jury has been officially discharged and left the courtroom, . . . it is error to recall it in order to alter, amend or impeach a verdict in a criminal case. As soon as it departs from the courtroom, the jury's legal duties cease to exist; it no longer functions as a unit charged to perform a solemn task but rather as 12 unsworn members of the community; its relationship to the case has terminated. . . .
>
> To rule that a jury could be recalled after being discharged and leaving the courtroom *would not only offend the policies underlying the double jeopardy clause,* but would also serve as an invitation to tamper with the jury after it had completed its deliberations. [*Id.* at 398-399 (emphasis added).]

Here, like the jury's verdict at the first trial in *Rushin,* the jury's verdict in the instant matter was final.[19] Although a jury is free to change the form and

---

[15] *Id.* at 393-394.

[16] *Id.* at 394.

[17] *Id.*

[18] *Id.* at 399.

[19] See *People v McGee,* 247 Mich App 325, 339; 636 NW2d 531 (2001) (a verdict in a criminal case becomes final when "it is announced in open court, assented to by the jury, and accepted by the trial court"); see also

substance of a verdict to coincide with its intentions at any point before its discharge,[20] once discharged the panel is defunct as a legal body and is therefore without power to alter or amend the verdict. We find that, in light of the verdict assented to by the jury and accepted by the trial court, the jeopardy that had attached at the selection and swearing of the jury terminated with that panel's discharge, thereby precluding any further proceedings relating to the assault with which defendant was charged.

In reaching this conclusion, we reject the prosecution's claim that, because it does not seek to permit the jury to further deliberate in this matter but, rather, merely to "complete" a verdict previously reached yet delayed in its pronouncement, the finality interests[21] of the Double Jeopardy Clause have no relevance here. Unlike the circumstances presented in

---

MCR 6.420, which establishes the procedure for acceptance of verdicts in criminal cases. Here, following the jury's assent, the trial court determined the oral reading of the verdict to be the verdict of record and discharged the jury. The verdict regarding the sole remaining count was thus final, rendering any attempt to amend or otherwise alter the verdict a violation of the principles of double jeopardy and this Court's decision in *Rushin.*

[20] See *People v McNary,* 43 Mich App 134, 142-143; 203 NW2d 919 (1972), rev'd in part on other grounds 388 Mich 799 (1972), wherein we stated:

A jury verdict is not merely the first sentence uttered by the foreman when asked for the verdict. Often the verdict will have to be clarified and interpreted by either the judge or the jury until it specifically identifies a known crime. The judge has a right to clarify the form of the verdict if the jury has not been discharged; and the jury can always change the form and the substance of the verdict to coincide with its intention, before it is discharged.

[21] See *Rushin, supra* at 395 ("The double jeopardy clause clearly enunciates a policy of finality in criminal proceedings in favor of the defendant."), citing *United States v Jorn,* 400 US 470, 479; 91 S Ct 547; 27 L Ed 2d 543 (1971).

*People v Kinard*,[22] where the defendant was tried for murder before the bench, the defendant in the instant matter elected to invoke his constitutional right to a trial by jury.[23] While juries are not held to rules of logic or required to explain their decisions, and therefore may act solely out of a desire for lenience, a judge sitting without a jury is not afforded the same latitude.[24] Indeed, when sitting as the trier of fact, the trial court is required to place its findings of fact and conclusions of law on the record or in a written opinion.[25] Thus it was held in *Kinard* that the trial court's failure, until sentencing, to expressly render a decision on the additional charge of possession of a firearm during the commission of a felony did not require that the defendant's conviction on that charge be reversed:

> Because the findings of fact stated at the close of trial supported the decision eventually announced, no danger of abuse is presented. Moreover, while finality of verdicts may be required by the Double Jeopardy Clause and desirable as a matter of policy, see [*Rushin, supra*], these interests have no relevance here because the trial court did not change its finding but merely delayed in announcing it.[26]

In contrast to the clear and irrefutable findings of record that supported the delayed verdict of the sole trier of fact in *Kinard*, we are left here with only the written verdict form. Because the verdict indicated by that form was never assented to by the jury, either as a whole or individually, it cannot be said with any

---

[22] *People v Kinard*, 129 Mich App 94, 98; 341 NW2d 820 (1983).

[23] US Const, Am VI; Const 1963, art 1, § 20.

[24] *People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980).

[25] See MCR 2.517(A).

[26] *Kinard, supra* at 98.

certainty that this form, signed by only one member of the panel, represents the unanimous decision of the jury, so as to permit a conclusion that the relief sought by the prosecutor would amount to no more than the delayed announcement of a verdict already validly established.[27]

For similar reasons, we find the prosecution's reliance on *People v Gabor*[28] to also be misplaced. In *Gabor*, the defendant was tried by a jury on two counts of fourth-degree criminal sexual conduct.[29] Following deliberations, the jury foreperson stated on the record the jury's verdict of " 'guilty for the act of criminal sexual conduct in the first degree for the first offense and guilty for the act of criminal sexual conduct in the second degree second offense.' "[30] Upon being polled, each juror affirmed the reported verdict, after which the jury was dismissed by the trial court.[31] Immediately thereafter, counsel for the defendant moved to set aside the verdict on the ground that the jury had convicted the defendant of first- and second-degree criminal sexual conduct, rather than the fourth-degree offenses with which he had been charged.[32] In response, the trial court recalled the jury and requested that the foreperson read the verdict again.[33] The verdict, as read by the foreperson upon recall, was " 'guilty first offense

---

[27] In any event, as a result of one juror's death in the time since the trial, any attempt to definitively ascertain the intentions of the individual jurors with respect to the verdict form is impossible.

[28] *People v Gabor*, 237 Mich App 501; 603 NW2d 840 (1999).

[29] *Id.* at 502.

[30] *Id.*

[31] *Id.* at 502-503.

[32] *Id.* at 503.

[33] *Id.*

criminal sexual conduct in the fourth degree, guilty of the second offense criminal sexual conduct in the fourth degree.' "[34] In reversing the trial court's dismissal of both counts, we stated:

> As the trial court correctly recognized, the jury's function ceased after it had been discharged. [*Rushin, supra.*] The trial court wrongly concluded, however, that dismissal of the charges against defendant was required in this case. On the whole record, in keeping with "a rule of reasonableness" in construing the jury verdict, we can easily deduce that the jury intended to convict defendant of both counts of the charged offense. The two counts of fourth-degree CSC were the only charges on which defendant was tried and the only counts on which the jury was instructed. There were no lesser offense instructions. The written verdict form clearly and unambiguously reflects the jury's verdict of guilty of both counts of fourth-degree CSC.[35]

Here, however, the verdict form does not so "clearly and unambiguously reflect[] the jury's verdict . . . ."[36] In *Gabor*, the jury's intent to convict the defendant as charged was apparent from the foreperson's statement of the verdict in open court, even apart from the written verdict form. As noted by the panel in *Gabor*, this was due in large part to the absence of any option to convict of a lesser offense. In contrast, however, while the jury's intent to acquit the instant defendant of the principal offense of assault with intent to murder can be clearly gleaned from the foreperson's statement of the verdict, the same cannot be said for its decision regarding the lesser offense of assault with intent to do great bodily harm.

---

[34] *Id.*

[35] *Id.* at 503-504.

[36] *Id.* at 504.

Accordingly, we do not believe that under the facts of this case, the written verdict form presents the "contemporaneous [and] objective indication" of juror intent argued by the prosecutor.

### III. RETRIAL ON THE LESSER INCLUDED OFFENSE

As a final consideration, we note that because a final verdict[37] of acquittal was rendered by the jury with respect to the charged offense of assault with intent to murder, a retrial regarding the lesser included offense of assault with intent to do great bodily harm is precluded.[38]

We dismiss.

---

[37] See n 19, *supra.*

[38] See *Brown v Ohio*, 432 US 161, 168-169; 97 S Ct 2221; 53 L Ed 2d 187 (1977), in which the Court held that greater and lesser included offenses must be considered the " 'same' " for constitutional double jeopardy analysis, and that "[w]hatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense."