# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TONY JERMAINE ROWLS,

Defendant-Appellant.

UNPUBLISHED
November 19, 2015

No. 323079
Wayne Circuit Court
LC No. 14-001948-FC

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carrying a concealed weapon (CCW), MCL 750.227, felonious assault, MCL 750.82, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 22 months to 15 years' imprisonment for the CCW, felon-in-possession, and felonious assault convictions, all to be served concurrently, along with a consecutive 5-year prison term for the felony-firearm conviction. We affirm.

This appeal arises out of an error with the verdict form at defendant's trial. Following closing arguments, the trial court instructed the jury on all of the charged crimes and the elements of those crimes, including CCW. Both the prosecutor and defense counsel voiced their approval of the verdict form before deliberations commenced. When the jury finished deliberating and returned verdicts on the various offenses, the parties and the court discovered that the CCW charge had mistakenly been omitted from the verdict form. For this reason, the jury failed to return a verdict on the CCW charge. The parties then discussed how to proceed. Defense counsel suggested that the verdict should stand absent resolution of the CCW charge, and the prosecution resisted. Defense counsel then suggested that, as an alternative, the jury should resume deliberations to decide whether to convict on the CCW charge. Defense counsel also indicated that it was a matter of prosecutorial discretion. The trial court agreed to defendant's suggestion and ordered the jury to resume deliberations. The next day the jury convicted defendant of the CCW offense.

Defendant argues on appeal that the trial court abused its discretion by having the jury resume deliberations and render a verdict on the CCW charge. Defendant, relying solely on *People v Carter*, 462 Mich 206; 612 NW2d 144 (2000), contends that because the prosecutor had

-1-

approved the verdict form prior to the case being submitted to the jury, the prosecution had effectively waived any claim of a defect in the verdict form following the initial verdict, thereby precluding the trial court from having the jury resume deliberations and later decide the CCW charge. In *Carter*, *id.* at 215, our Supreme Court observed:

> Waiver has been defined as the intentional relinquishment or abandonment of a known right. It differs from forfeiture, which has been explained as the failure to make the timely assertion of a right. One who waives his rights under a rule may not then seek *appellate review* of a claimed deprivation of those rights, for his waiver has extinguished any error. [Citations and quotation marks omitted; emphasis added.]

*Carter* concerned waiver of an *appellate* argument and not waiver in the context being argued by defendant in this case. That said, we tend to believe that a trial court has the discretion to entertain the possibility of refusing further deliberations on the basis that a prosecutor had expressed approval of a flawed verdict form. Defendant's argument nonetheless fails given that defendant waived any appellate argument on the issue when defense counsel affirmatively suggested that the jury resume deliberations on the CCW charge and that the matter entailed prosecutorial discretion. Thus, defendant, through his attorney, waived any error regarding how the trial court dealt with the verdict form error. When an error is waived, it is extinguished, meaning there is no error to review, and appellate relief is unavailable. *Carter*, 462 Mich at 209. Moreover, there is no indication in the record that the prosecutor intentionally relinquished a claim regarding the verdict form, knowing that the CCW charge had been omitted. Rather, it was clearly an inadvertent and unintentional oversight on the prosecutor's part, as well as by defense counsel and the trial court.

Defendant has not offered any relevant precedent indicating that the trial court was absolutely mandated to deny further deliberations on the CCW charge in light of the prosecutor's approval of the verdict form. And a trial court can direct a jury to renew or resume deliberations for purposes of amending a verdict if done, as here, before the jury is officially discharged. *People v Henry*, 248 Mich App 313, 319-320; 639 NW2d 285 (2001). Thus, it was not improper for the trial court to instruct the jury to issue a verdict on the CCW charge, nor was it improper for the jury to amend its verdict to include the omitted charge. The trial court did not abuse its discretion in ordering the resumption of deliberations in order to address the CCW charge, especially where the parties had argued the CCW charge in closing arguments, the jury had been instructed on CCW and its elements, and where the problematic verdict form was the result of a simple mistake.

Affirmed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan